UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jose M. DeCastro, | Case No. 2:24-cv-00435-DJA |
| Plaintiff, | |
| v. | Order[1] |
| Evan McKnight; Pam Wagner; Brad Spoljaric; John Chapman; Chance Blankenship; Robert Fouch; Lawrence County Commissioners; City of Ironton Ohio; et al. | |
| Defendants. | |

This is a civil rights action arising out of pro se Plaintiff Jose Maria DeCastro's 2022 visit to Ironton, Ohio to investigate alleged police misconduct and for publication on his YouTube channel. DeCastro alleges that, while he was conducting his investigation, the City of Ironton; the Lawrence County Commissioners; Ironton Police Department ("IPD") officers Evan McKnight, Brad Spoljaric, Chance Blankenship, Robert Fouch; IPD supervisor Pam Wagner; and Sheriff's Department supervisor John Chapman impeded his investigation, arrested him, damaged his cellphone, and defamed him. DeCastro sues Defendants for damages, declaratory relief, and injunctive relief, alleging that they violated his civil rights arising under the United States Constitution, the Nevada constitution and bill of rights, and the Ohio constitution and bill of rights.

---

[1] This case is assigned to the magistrate judge consent program. (ECF Nos. 5, 6). No party to this action has declined consent to the undersigned magistrate judge's jurisdiction over this case under General Order 2023-11. So, all parties are deemed to have knowingly and voluntarily consented to proceed before the undersigned magistrate judge. The Court thus issues this decision as an order and not as a report and recommendation. *See* 28 U.S.C. § 636(c)(1)

The Lawrence County Commissioners and Chapman (the "Lawrence County Defendants") move to dismiss DeCastro's complaint under Federal Rule of Civil Procedure 12(b)(3), for improper venue, amongst other grounds. (ECF No. 19). The City of Ironton, McKnight, Spoljaric, Blankenship, Fouch, and Wagner (the "Ironton Defendants") do the same. (ECF No. 22). The Court finds that venue is improper in this district. So, it grants the motions to dismiss under Rule 12(b)(3), and uses its discretion to transfer, rather than dismiss, this action.

The Court also addresses the parties' motions related to the motions to dismiss. It grants DeCastro's motion to file a late response to the Ironton Defendants' motion to dismiss. (ECF No. 29). It denies his motion for leave to file a surreply to the Ironton Defendants' reply in support of their motion to dismiss. (ECF No. 34). The Court denies the Lawrence County Defendants' motion to grant their motion to dismiss as moot. (ECF No. 35). And the Court denies DeCastro's motion for leave to file a late response to the Lawrence County Defendants' motion to dismiss. (ECF No. 36).

### I.     Factual background.

In March of 2022, DeCastro traveled to Ironton, Ohio to investigate police misconduct. (ECF No. 1 at 10). His allegations outline his various visits to the police station, the Ironton Municipal Court, and City Hall, along with his interviews with individuals who claimed to be victims of the IPD. However, his claims primarily center around his March 29, 2022, visit to City Hall, subsequent arrest, and allegedly defamatory statements made by Ironton press and the IPD.

### *A.     March 29, 2022, visit to City Hall and arrest.*

On March 29, 2022, at 3:05 PM, DeCastro visited the Ironton City Hall and asked an employee about renting the common area of City Hall so that DeCastro could hold a constitutional rights class that same day. (*Id.* at 28). The employee informed DeCastro that the Mayor's office handles those requests, but because the Mayor had left for the day, DeCastro was given a form to fill out for the rental. (*Id.*). DeCastro "demanded that [the Mayor] be called on the phone for authorization, or he could do a signature remotely." (*Id.*). DeCastro then filled out the form and informed his "team" "that we would be allowed to use the space without our rights being violated, and that [the Mayor] would do the right thing and authorize the request." (*Id.*).

At 4:20 PM, someone informed DeCastro that requests to rent the building had to be approved twenty-four hours in advance. (*Id.*). But DeCastro "continued to assert [his rights] to have equal access to the space." (*Id.*). At 4:58 PM, the lights were turned off in the lobby. (*Id.*). At 4:59 PM, Wagner asked DeCastro to leave or he would be arrested. (*Id.* at 32). McKnight and Spoljaric then placed DeCastro in cuffs and took his cell phone. (*Id.* at 34).

DeCastro was booked into the Lawrence County Jail. (*Id.* at 36). Chapman asked him to provide his social security number and informed DeCastro that, if he refused, the jail would list him as a John Doe and keep him in custody while the FBI confirmed his identity. (*Id.*). After DeCastro's release on bail, the IPD did not return DeCastro's cell phone to him until days later. (*Id*. at 36-40). DeCastro claims that when he received his phone back, it showed signs of being searched and was damaged as a result. (*Id.* at 40).

### B. *Defamatory statements.*

DeCastro claims that he was defamed on four occasions. First, on March 25, 2022, DeCastro alleges that WOWK-TV, the CBS Channel 13 news in Ironton reported "Ironton PD says that both Ironton High School and Ironton Elementary School are on a soft lockdown. They say that the lockdown is due to a 'concerning' video from [DeCastro] that was sent to a student or a parent." (*Id.* at 20). DeCastro asserts that this reporting was not accurate, that the news channel knew it was not accurate, but that the news channel did not publish a retraction. (*Id.*). DeCastro asserts that, later that day, the news channel also reported that "[a]ccording to Ironton Police, a local restaurant closed out of safety concerns, and at least two other restaurants asked YouTuber Chille DeCastro to leave." (*Id.*). DeCastro does not name the news channel as a defendant.

Second, on March 30, 2022, after DeCastro's arrest, DeCastro alleges that the IPD released false police reports to police and prosecutors. (*Id.* at 38). Those reports accuse DeCastro of committing the crimes of Resisting Arrest, Criminal Trespass, and Disorderly Conduct. (*Id.* at 38). DeCastro asserts that he did not commit those crimes. (*Id.* at 38).

Third, on April 10, 2022, Doe Defendant "Samantha at the Clerk of Courts," returned a call to a person named Darin Haberkorn, informing Haberkorn that DeCastro had spoofed Haberkorn's number and used it to make obscene calls to the "local court offices." (*Id.* at 39-40).

Samantha told Haberkorn that DeCastro had done the same thing with other numbers to make "really vulgar remarks." (*Id.* at 40). DeCastro claims that this is untrue. (*Id.*).

Fourth, on November 22, 2023, Nevada Highway Patrol ("NHP") pulled DeCastro over for traffic infraction. (*Id.* at 47). During this interaction, NHP officers found a warrant for DeCastro in their database for contempt of court out of Ohio "with a flag for violent tendencies." (*Id.*). DeCastro asserts that the "violent tendencies" flag was placed by the IPD, City of Ironton, and the individual officer Defendants in this action and was defamatory. (*Id.*).

## II.     Procedural background.

The Lawrence County Defendants move to dismiss DeCastro's complaint under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) for improper venue and failure to state a claim upon which relief can be granted. (ECF No. 19). Alternatively they move to transfer venue of this case to the United States District Court for the Southern District of Ohio. (*Id.*). The Ironton Defendants move under Rules 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), and 12(b)(6) for lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. (ECF No. 22). They also alternatively move to transfer venue, albeit under 28 U.S.C. § 1404. (*Id.*).

The deadline for DeCastro to respond to the Lawrence County Defendants' motion passed on April 9, 2025. The deadline for him to respond to the Ironton Defendants' motion passed on April 10, 2025. DeCastro missed both deadlines.

On April 14, 2025, DeCastro moved to extend the deadline for him to respond to the Lawrence County Defendants' motion to dismiss. (ECF No. 27). The Court granted that motion and set his new deadline to respond for May 12, 2025. (ECF No. 28). On April 30, 2025, DeCastro also moved to extend the deadline for him to respond to the Ironton Defendants' motion to dismiss. (ECF No. 29). That motion is still pending and the Ironton Defendants have not opposed it.

DeCastro filed his proposed response along with his motion to extend time to respond to the Ironton Defendants' motion to dismiss. (ECF No. 30). The Ironton Defendants then filed their reply in support of their motion to dismiss. (ECF No. 31). DeCastro filed a surreply to that

reply without leave of Court on May 19, 2025, and the Court then struck it. (ECF Nos. 32, 33). DeCastro now moves to file that surreply. (ECF No. 34).

On June 24, 2025, after not receiving a response to their motion to dismiss by the May 12, 2025, deadline, the Lawrence County Defendants moved for the Court to grant their motion to dismiss. (ECF No. 35). That motion is pending. Nearly three weeks later, on July 14, 2025, DeCastro moved to file a late response to the Lawrence County Defendants' motion to dismiss. (ECF No. 36). That motion is also pending and the Lawrence County Defendants' oppose it. (ECF No. 37).

### III. Discussion.

#### A. *DeCastro's motions for leave to file late responses.*

The Court grants DeCastro's motion to file a late response to the Ironton Defendants' motion to dismiss and will consider his response timely. (ECF No. 29). But the Court denies his motion to file a late response to the Lawrence County Defendants' motion to dismiss. (ECF No. 36).

In his motion regarding the Ironton Defendants' motion, he explains that he believed that his prior motion to extend time—which the Court granted—extended both his deadline to respond to the Lawrence County Defendants' motion *and* his deadline to respond to the Ironton Defendants' motion to May 12, 2025. (ECF No. 29). DeCastro then filed his instant motion on April 30, 2025, after the deadline to respond to the Ironton Defendants' motion to dismiss had passed (April 10, 2025), but before the deadline he believed applied (May 12, 2025) did. The Ironton Defendants did not respond to DeCastro's motion, constituting their consent to the Court granting it. *See* LR 7-2(d). And the Court finds that DeCastro has shown excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). So, the Court grants the motion to extend time and will consider DeCastro's response filed at ECF No. 30 to be timely.

DeCastro does not, however, show excusable neglect in his motion regarding the Lawrence County Defendants' motion. (ECF No. 36). The Court previously gave DeCastro until May 12, 2025, to respond and DeCastro missed that deadline. DeCastro provides no reason why he missed that deadline other than stating that his failure to meet it was "inadvertent." This is not

sufficient to constitute excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). DeCastro also advances the argument that he intended his surreply to be his response and that he did not realize the surreply "may not have been construed as a formal opposition to the [Lawrence County Defendants'] Motion to Dismiss." This argument is not persuasive. DeCastro clearly marked his surreply as being related to the Ironton Defendants' motion to dismiss, not the Lawrence County Defendants' motion. DeCastro also clearly titled his surreply as a surreply and not as a response. Nothing in the surreply indicates that DeCastro intended to address the Lawrence County Defendants' arguments other than the fact that certain of those arguments overlap with the Ironton Defendants.' Even if the Court did find that DeCastro intended his surreply to be his response, he filed it late, seven days after the May 12, 2025, deadline passed. DeCastro has not identified excusable neglect for that lateness. So, the Court denies DeCastro's motion to extend time to respond to the Lawrence County Defendants' motion to dismiss. (ECF No. 36).

### B. *DeCastro's motion for leave to file sur-reply.*

DeCastro moves for leave to file his surreply to the Ironton Defendants' reply in support of their motion to dismiss. (ECF No. 34). DeCastro argues that the Ironton Defendants' reply raises new arguments and legal authorities that they did not raise in their initial motion. Although the Ironton Defendants did not respond to DeCastro's motion, the Court does not find a surreply to be merited here and so denies DeCastro's motion. This Court's local rules warn litigants that "motions for leave to file a surreply are discouraged." LR 7-2(b). While surreplies may be permitted if the movant raises new arguments or evidence in a reply brief, DeCastro misunderstands the scope of what is meant by "new." Replies are not limited to merely reurging the points and authorities from the motion. New arguments are permitted—indeed expected—in a reply if they are responsive to points or authorities raised in the response brief. It is only the arguments that lack a relationship to something raised in the response brief that might justify expanding the briefing. Having reviewed the briefing in this case, the Court finds that the Ironton Defendants' reply brief does not improperly raise brand new arguments; rather, its "new" points and authorities directly address DeCastro's response brief. So DeCastro's request to file a surreply is denied. (ECF No. 34).

### C. Lawrence County Defendants and Ironton Defendants' motions to dismiss and Lawrence County Defendants' motion requesting motion to dismiss be granted.

While both the Lawrence County Defendants and the Ironton Defendants move on various grounds to dismiss DeCastro's complaint, this Court resolves both motions under Rule 12(b)(3), improper venue. Because the Court finds that it is not the proper venue for DeCastro's claims, the Court does not reach the other grounds on which the Defendants seek to dismiss. *See Abrams Shell v. Shell Oil Co.*, 165 F.Supp.2d 1096, 1106, 1110 (C.D. Cal. 2001). Because the Court grants in part the Lawrence County Defendants' motion to dismiss, it denies their motion requesting that their motion to dismiss be granted as moot. (ECF No. 35).

Both the Lawrence County Defendants and the Ironton Defendants assert that Nevada is not a proper venue for DeCastro's claims and that the United States District Court for the Southern District of Ohio (the Ironton Defendants specify further the Western Division in Cincinnati, Ohio) is the proper venue. (ECF Nos. 19, 22). In his response to the Ironton Defendants' motion to dismiss, DeCastro asserts that "Defendants knew or should have known that their actions would have effects reaching beyond Ohio, particularly given Plaintiff's national public platform, including his activities in Nevada." (ECF No. 30). He adds that if the Court finds that venue is lacking, transfer is the correct remedy.

Under Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss a case for "improper venue." The question whether venue is "improper" is generally governed by 28 U.S.C. § 1391. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55-56 (2013). That statute provides that,

> [a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b).

In *Atl. Marine Const.*, the Supreme Court explained that "[w]hen venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)." *Atl. Marine Const.*, 571 U.S. at 55-56. If it does, venue is proper. *Id.* If it does not, venue is improper "and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Id.* The plaintiff bears the burden of establishing proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Here, DeCastro has not established that venue in Nevada is proper under any of the three categories in 28 U.S.C. § 1391(b).

### 1. No Defendants reside in Nevada.

Neither the individual defendants (McKnight, Spoljaric, Blankenship, Fouch, Wagner, and Chapman) nor the entity defendants (City of Ironton and Lawrence County Commissioners) are residents of Nevada for the purposes of 28 U.S.C. § 1391(b)(1). Residency for proper venue purposes is determined based on the defendant's domicile if the defendant is a natural person. *See* 28 U.S.C. § 1391(c)(1). If the defendant is an entity with the capacity to sue and be sued, the defendant is deemed a resident of any judicial district in which the defendant is subject to the court's personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(2).

Regarding the individual defendants, DeCastro has not carried his burden of showing that McKnight, Spoljaric, Blankenship, Fouch, Wagner, and Chapman are residents of Nevada. To the contrary, while his complaint does not identify their citizenship, DeCastro alleges that each of the individual defendants worked for either the IPD or the Sheriff's department in Ironton, Ohio and committed the alleged actions in Ironton, Ohio at all times relevant to the complaint. And, in their motions to dismiss, the individual defendants assert that they do not live in Nevada. (ECF No. 19 at 10); (ECF No. 22 at 8). So, venue is not proper as to the individual defendants under 28 U.S.C. § 1391(b)(1).

The entity defendants—City of Ironton and Lawrence County Commissioners—also do not reside in Nevada because Nevada does not have personal jurisdiction over them. Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over defendants. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Nevada's long arm statute reaches

the outer limits of federal constitutional due process, so courts in Nevada need only assess constitutional principles of due process when determining personal jurisdiction. *See* Nev. Rev. Stat. § 14.065; *Galatz v. Eighth Judicial Dist. Court*, 683 P.2d 26, 28 (Nev. 1984). Due process requires that a non-resident defendant have minimum contacts with the forum such that the "maintenance of the suit will not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts can give rise to either general or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

General jurisdiction exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). Specific jurisdiction exists where claims "arise out of" or "relate to" the contacts with the forum, even if those contacts are "isolated or sporadic." *Id.* Specific personal jurisdiction refers to jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claims. *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). So, personal jurisdiction must arise out of contacts that the defendant *himself* creates with the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) Further, personal jurisdiction cannot be established from the conduct of a plaintiff or third parties with the forum. *Id.* The plaintiff cannot be the only link between the defendant and the forum. *Id.* at 285.

Courts utilize a three-prong test to analyze whether the assertion of specific personal jurisdiction in a given forum is proper:

> (1) The non-resident defendant must [a] purposefully direct his activities or consummate some transaction with the forum or resident thereof; or [b] perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenneger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Menken*, 503 F.3d at 1057. If the plaintiff satisfies the first two prongs, the burden will shift to the defendant to show that exercising jurisdiction would be unreasonable. *Id.* However, "[i]f the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.*

Here, DeCastro neither alleges that this Court has general nor specific personal jurisdiction over the City of Ironton and the Lawrence County Commissioners. Regarding general jurisdiction, DeCastro does not allege any ties that the City of Ironton and the Lawrence County Commissioner have with Nevada, let alone whether those ties are continuous and systematic. Regarding specific jurisdiction, the only allegations that connect the City of Ironton and the Lawrence County Commissioners to Nevada is DeCastro's claim that the IPD, City of Ironton, and IPD officer defendants caused a "violent tendencies" flag to show up on the Nevada Highway Patrol's database.[2] (ECF No. 1 at 47). Setting aside the fact that DeCastro does not attempt to attribute this allegation to the Lawrence County Commissioners, it is unclear from DeCastro's allegation whether the "violent tendencies" flag was directed at Nevada specifically or was directed to law enforcement nationwide. So, the first prong weighs against this Court exercising specific personal jurisdiction over the City of Ironton and the Lawrence County Commissioners. Under the second prong of the three-part test, because it is unclear whether the "violent tendencies" flag was directed at Nevada, it is not clear if DeCastro's defamation claim arises out of or relates to the City of Ironton and the Lawrence County Commissioners' Nevada forum related activities. This prong also weighs against this Court exercising specific personal jurisdiction over these defendants. Third, given the uncertain nature of the "violent tendencies" flag and DeCastro's failure to explain exactly how the City of Ironton and the Lawrence County Commissioners directed their activities towards Nevada, the Court cannot find that its exercise of

---

[2] DeCastro also asserts, in conclusory fashion, that "the defamatory conduct of defendants outside this forum has reached potential customers of Plaintiff in this forum" (ECF No. 1 at 11). However, this allegation is too conclusory to connect any Defendant with Nevada because DeCastro does not assert who said what, when, or to whom.

personal jurisdiction over these Defendants would comport with fair play and substantial justice. Because no Defendants reside in Nevada, venue in this Court is not proper under 28 U.S.C. § 1391(b)(1).

### 2. A substantial part of the events giving rise to the claims occurred in Ohio.

Venue in this Court is also not proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to DeCastro's claims took place in Ohio. DeCastro makes very few allegations about events taking place in Nevada. He only alleges that he was pulled over in Nevada and that, generally, Defendants' defamatory conduct reached DeCastro's potential customers in Nevada. Otherwise, all of the events he alleges took place in Ohio.

### 3. Defendants are not subject to this Court's personal jurisdiction.

Venue in this Court is also not proper under 28 U.S.C. § 1391(b)(3) because the Court lacks personal jurisdiction over any of the Defendants. The Court has already outlined why it lacks personal jurisdiction over the City of Ironton and the Lawrence County Commissioners. The Court lacks personal jurisdiction over McKnight, Spoljaric, Blankenship, Fouch, Wagner, and Chapman too.

DeCastro has not established that any of these individual defendants maintain continuous or systematic ties with Nevada for the purposes of general personal jurisdiction. And he has failed to establish specific personal jurisdiction over these Defendants as well. DeCastro has not alleged that any of these Defendants directed their activities to Nevada, other than his non-specific allegation that someone published the "violent tendencies" flag. But even if DeCastro did identify which individual defendant published that flag, he has not established whether it was directed at Nevada specifically. So, the first prong weighs against this Court's specific personal jurisdiction over the individual defendants. DeCastro also brings no claims arising out of the individual defendants' forum related activities and does not even allege that they undertook forum related activities. The second prong thus weighs against this Court's exercise of specific personal jurisdiction over the individual defendants. Finally, given DeCastro's failure to show that the individual defendants engaged in any Nevada-related activities, it would not comport with fair

play and substantial justice for this Court to exercise specific personal jurisdiction over the individual defendants.

### 4. Dismissal or transfer.

Ultimately, venue in this Court is not proper under any of the three categories outlined in 28 U.S.C. § 1391(b). So, venue is improper and this Court must either dismiss the case or transfer it under 28 U.S.C. § 1406(a).[3] *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 568, 577 (2013) (addressing venue being challenged under either 28 U.S.C. § 1406(a) or Rule 12(b)(3) and stating that, when "venue is improper, the case must be dismissed under § 1406(a)"). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a). In determining whether a transfer is in the interest of justice, the Ninth Circuit has considered whether a plaintiff has asked that the court transfer the action and whether the plaintiff purposely sought to avoid the jurisdiction of the venue in which the plaintiff could have brought the action. *See Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 588 (9th Cir. 1991); *see Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983). District courts in the Ninth Circuit have also considered factors like the applicable statute of limitations, the relative injustice imposed upon the parties, and whether the suit was filed in bad faith or for harassment. *See Multimin USA, Inc. v. Walco Internation, Inc.*, No. CV 06-0226 AWI SMS, 2006 WL 1046964, at *8 (E.D. Cal. Apr. 11, 2006).

Here, the Court uses its discretion to transfer the case to the Western Division of the United States District Court for the Southern District of Ohio. DeCastro, the Ironton Defendants, and the Lawrence County Defendants have all proposed transfer in the alternative rather than

---

[3] The Ironton Defendants move alternatively for transfer under 28 U.S.C. § 1404, rather than § 1406. (ECF No. 22). While 28 U.S.C. § 1404(a) also provides for transfer, it provides for transfer "[f]or the convenience for parties and witnesses," while § 1406(a) provides for transfer when venue is "wrong." *Compare* 28 U.S.C. § 1404(a) *with* 28 U.S.C. § 1406(a); *see Atl. Marine Const.*, 571 U.S. at 58, 60. Because the Court finds that transfer is appropriate under 28 U.S.C. § 1406(a) because it finds venue in Nevada to be wrong, it does not address transfer for convenience under 28 U.S.C. § 1404(a).

dismissal. Given DeCastro's request for transfer rather than dismissal, it is not clear to the Court that DeCastro was avoiding Ohio. Additionally, the statute of limitations on DeCastro's federal claims[4] has likely run. *See Owens v. Okure*, 488 U.S. 235, 249–250 (1989) (explaining that the statute of limitations for 28 U.S.C. § 1983 claims derives from the state's general statute of limitations for personal injury actions); *see* Ohio Revised Code § 2305.10(A) (explaining that the statute of limitations for personal injury actions in Ohio is two years). Because the Ironton Defendants and the Lawrence County Defendants have proposed a transfer of venue in the alternative, the Court does not find that transferring the matter would impose injustice on the Defendants. And while both the Ironton Defendants and the Lawrence County Defendants assert that DeCastro's action is ultimately barred by *res judicata*, it is not clear to the Court that DeCastro acted in bad faith in bringing this action given his pro se status. So, the Court finds that transfer is appropriate in the interests of justice.

**IT IS THEREFORE ORDERED** that the Lawrence County Defendants' motion to dismiss (ECF No. 19) and the Ironton Defendants' motion to dismiss (ECF No. 22) are **granted in part and denied in part.** They are granted in part to the extent they request that this Court transfer jurisdiction of this case under Federal Rule of Civil Procedure 12(b)(3) for improper venue and under 28 U.S.C. § 1406(a). They are denied in all other respects.

**IT IS FURTHER ORDERED** that DeCastro's motion for leave to file a late response (ECF No. 29) is **granted.** The Court will construe DeCastro's response filed at ECF No. 30 as timely.

**IT IS FURTHER ORDERED** that DeCastro's motion for leave to file a surreply (ECF No. 34) and motion for leave to file a late response (ECF No. 36) are **denied.**

---

[4] DeCastro also generally asserts that his claims arise under the Nevada Constitution and Bill of Rights and the Ohio Constitution and Bill of Rights. However, DeCastro does not specifically identify the provisions of either Nevada or Ohio's constitutions or bills of rights. So, the Court does not address whether the statute of limitations may have run on DeCastro's claims under these constitutions and bills of rights.

     **IT IS FURTHER ORDERED** that the Lawrence County Defendants' motion for this Court to grant their motion to dismiss (ECF No. 35) is **denied as moot.**

     **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **transfer this case** to the Western Division of the United States District Court for the Southern District of Ohio and **close this case**.

DATED: August 21, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE