UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO WESTERN DIVISION

JOSE M. DECASTRO,

Plaintiff,

v.

EVAN McKNIGHT; PAM WAGNER; BRAD SPOLJARIC; JOHN CHAPMAN; CHANCE BLANKENSHIP; ROBERT FOUCH; LAWRENCE COUNTY COMMISSIONERS; CITY OF IRONTON OHIO; et al.,

Defendants.

Case No. 1:25-cv-00613

PLAINTIFF'S MOTION TO SET BRIEFING SCHEDULE ON DEFENDANTS' PENDING MOTIONS TO DISMISS AND NOTICE OF ADDRESS CHANGE

Pro se Plaintiff Jose M. DeCastro respectfully requests that this Court set a briefing schedule to resolve Defendants' pending motions to dismiss, which were filed in the District of Nevada prior to this case's transfer to this Court. The transferor court did not resolve the substantive issues raised in Defendants' motions, making a new schedule necessary for this Court to address those threshold matters. Because the transferred motions are no longer pending on this Court's docket, direction from the Court regarding renewal and briefing is required. Under 28 U.S.C. § 1406(a), a transfer for improper venue does not preserve the procedural posture of pending motions, and the transferee court must determine the manner in which they are renewed.

Plaintiff also provides notice of his updated mailing address.

I. BACKGROUND

1. This civil rights action arises from Plaintiff's March 29, 2022 arrest in Ironton, Ohio while he was conducting First Amendment newsgathering activity for his YouTube channel, Delete Lawz.
2. Plaintiff filed this action in the District of Nevada on March 4, 2024 (Case No. 2:24-cv-00435-DJA). On August 21, 2025, the Nevada court granted Defendants' motions to dismiss on venue grounds and transferred the case to this Court pursuant to 28 U.S.C. § 1406(a). (ECF No. 40).
3. The Nevada court did not reach the merits of Defendants' other grounds for dismissal, including: (a) res judicata, (b) failure to state a claim under Rule 12(b)(6), and (c) qualified immunity. As the Nevada court stated, "Because the Court finds that it is not the proper venue for DeCastro's claims, the Court does not reach the other grounds on which the Defendants seek to dismiss." (ECF No. 40 at 7).
4. This case was opened in this Court on August 22, 2025 as Case No. 1:25-cv-00613. To date, no scheduling order has been entered and no deadlines have been set for Defendants to re-file or renew their motions to dismiss.
5. The underlying municipal case remains pending in Ironton Municipal Court.[1]

6. The issues raised in Defendants' motions are purely legal, requiring no discovery, and are therefore appropriate for early resolution.

## II. ARGUMENT

A. The Court Should Set a Briefing Schedule on Defendants' Remaining Arguments for Dismissal

7. The Nevada court explicitly declined to address Defendants' arguments regarding res judicata, failure to state a claim, and qualified immunity, instead resolving the motions solely on venue grounds. *See DeCastro v. McKnight*, No. 2:24-cv-00435-DJA, ECF No. 40 at 7 (D. Nev. Aug. 21, 2025).
8. These unresolved issues present threshold questions that must be decided before this case can proceed to discovery. Because no operative Rule 12 motion is currently pending before this Court following transfer, renewed briefing is necessary to clarify the issues for adjudication. Most significantly, Defendants have argued that this action is barred by res judicata based on a prior federal lawsuit filed in this District.
9. However, claim preclusion applies only where the prior action resulted in a final judgment on the merits, involved the same parties, and involved the same claim or cause of action. *See Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (holding that claim preclusion requires a prior "final judgment on the merits"). Plaintiff's prior lawsuit (*DeCastro v. Wagner, et al.*, Case No. 3:22-cv-00120) was dismissed on December 6, 2022 for Plaintiff's failure to timely respond to motions; this was a procedural dismissal, not a judgment on the merits. The docket confirms the dismissal was procedural rather than merits-based. Public reporting at the time described it similarly. As documented in the Ironton Tribune on January 9, 2023: "A $1 million federal lawsuit filed by a YouTuber against the Ironton Police Department, a sheriff's deputy and a courthouse employee has been terminated by the court... after the defendants made a motion for the case to end because DeCastro wasn't responding to motions in a timely manner." The dismissal order did not state it was "with prejudice," and the docket reflects it was entered for procedural noncompliance rather than adjudication.
10. Dismissals for failure to prosecute are typically without prejudice unless the order expressly states otherwise, and the prior dismissal did not constitute an adjudication on the merits sufficient to support res judicata. *See Costlow v. Cusimano*, 311 F.3d 902, 908 (9th Cir. 2002); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001). The Sixth Circuit likewise holds that procedural dismissals do not constitute judgments on the merits for purposes of claim preclusion. *See Holloway v. Brush*, 220 F.3d 767, 778 (6th Cir. 2000).
11. Additionally, this action asserts First Amendment retaliation, Fourth Amendment unlawful seizure, and Monell municipal liability claims arising from the March 29, 2022 incident, none of which were addressed, briefed, or resolved in the 2022 action, and therefore cannot be precluded.
12. Setting a briefing schedule will streamline the case, promote clarity, and allow the Court to address threshold issues efficiently. A scheduling directive is also appropriate under this Court's inherent docket management authority and S.D. Ohio Civ. R. 7.2.

B. Plaintiff's Updated Address

13. Plaintiff provides notice that his address has changed from 1258 Franklin Ave., Santa Monica, CA 90404 to:

Jose DeCastro 5350 Wilshire Blvd. P.O. Box 36143 Los Angeles, CA 90036

This notice is provided pursuant to S.D. Ohio Civ. R. 83.5.

14. Plaintiff's email (Chille@SituationCreator.com) and phone number ((310) 963-2445) remain unchanged.

## III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Set a deadline for Defendants to renew or re-file their motions to dismiss within 21 days;
2. Allow Plaintiff 21 days thereafter to respond to any renewed or re-filed motions;
3. Set a schedule for reply briefing and, if appropriate, oral argument;
4. Direct that Plaintiff's updated address be used for all future filings and correspondence; and
5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jose DeCastro

Jose DeCastro Pro Se Plaintiff
5350 Wilshire Blvd. P.O. Box 36143
Los Angeles, CA 90036
Chille@SituationCreator.com
cell: (310) 963-2445

Dated: December 7, 2025

---

[1] *City of Ironton v. DeCastro*, Case No. CVH2200076 (Ironton Mun. Ct.).

CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2025, I served a true and correct copy of the foregoing Motion to Set Briefing Schedule on Defendants' Pending Motions to Dismiss and Notice of Address Change by depositing it in the United States Mail, First Class, postage prepaid, addressed as follows:

Dawn M. Frick, Esq. Counsel for Lawrence County Defendants Surdyk, Dowd & Turner Co., L.P.A. 8163 Old Yankee Street, Suite C Dayton, OH 45458

Katherine F. Parks, Esq. Counsel for Ironton Defendants Thorndal Armstrong, PC 6590 S. McCarran Blvd., Suite B Reno, NV 89509

Lambert Law Offices Counsel for City of Ironton 215 S. 4th Street Ironton, OH 45638

Service is made pursuant to Fed. R. Civ. P. 5(b)(2)(C).

/s/ Jose DeCastro

Jose DeCastro
Pro Se Plaintiff

CERTIFIED MAIL

9589 0710 5270 1865 3949 35

Retail
RDC 99
45202

Attn: Clerk of Court
Potter Stewart Courthouse Rm. 103
100 EAST 5TH Street
Cincinnati, OH 45202

45202-991128