# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JOSE MARIA DECASTRO, | ) Case No. 1:25-cv-00613-MRB-SKB |
| | ) |
| Plaintiff, | ) Judge Michael R. Barrett |
| | ) Magistrate Judge Stephanie K. Bowman |
| v. | ) |
| | ) **DEFENDANTS PAM WAGNER, BRAD** |
| EVAN MCKNIGHT, *et al.*, | ) **SPOLJARIC, CHANCE BLANKENSHIP,** |
| | ) **EVAN MCKNIGHT, ROBERT FOUCH,** |
| Defendants. | ) **AND THE CITY OF IRONTON, OHIO'S** |
| | ) **MOTION FOR LEAVE TO REFILE** |
| | ) **THEIR MOTION TO DISMISS** |
| | ) **INSTANTER OR IN THE** |
| | ) **ALTERNATIVE TO FILE AN ANSWER** |

Now come Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Robert Fouch, and the City of Ironton, Ohio (collectively the "Ironton Defendants"), by and through counsel, and hereby move this Court for an Order granting them leave to refile their Motion to Dismiss, attached hereto, instanter, or, in the alternative, to file an Answer to Plaintiff's Complaint. The Ironton Defendants' arguments in support of this request are set forth more fully herein. The proposed Motion to Dismiss is attached hereto as Exhibit A.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 | (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
*Attorney for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Robert Fouch, and the City of Ironton, Ohio*

**MEMORANDUM**

I. **INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff Jose DeCastro ("Plaintiff"), proceeding *pro se*, filed his Complaint in the instant case on March 4, 2024, in the United States District Court, District of Nevada. (Doc. 1.) The claims contained within Plaintiff's Complaint all generally relate to his arrest for trespass on March 29, 2022, at Ironton City Hall in Ironton, Ohio. (Doc. 1, Page 29.)

Plaintiff previously filed suit in the Southern District of Ohio against the Ironton Defendants in *DeCastro v. Wagner*, No. 1:22-cv-204, 2023 U.S. Dist. LEXIS 135625, 2023 WL 4966654 (S.D. Ohio Aug. 3, 2023) ("*DeCastro 1*"). In *DeCastro 1*, this Court granted the Ironton Defendants judgment on the pleadings, finding that Plaintiff failed to state a claim against them. *Id*. at *10. Following this Court's ruling in *DeCastro 1*, Plaintiff filed a motion for reconsideration, which was denied. *Decastro v. Wagner*, No. 1:22-cv-204, 2023 U.S. Dist. LEXIS 183440, 2023 WL 6613837 (S.D. Ohio Sep. 26, 2023). Thereafter, Plaintiff appealed this Court's ruling to the Sixth Circuit Court of Appeals, where the decision in *DeCastro 1* was affirmed. *DeCastro v. Wagner*, No. 23-3808, 2024 U.S. App. LEXIS 15425, at *1, 2024 WL 4494843 (6th Cir. Jun. 25, 2024).

Notwithstanding the above, Plaintiff filed the instant suit in the District Court of Nevada based on the same factual allegations which were previously decided in the Ironton Defendants' favor by this Court in *DeCastro 1*. After the Ironton Defendants filed a motion to dismiss or in the alternative transfer venue (Doc. 22), the Nevada District Court exercised its discretion to transfer the instant matter to this Court for final disposition. (Doc. 40.) In reaching its decision to transfer venue, the Nevada Court emphasized that "[b]ecause the Court finds that it is not the proper venue for DeCastro's claims, the Court does not reach the other grounds on which the Defendants seek

1

to dismiss." (*Id.*, Page 7.) To date, the Ironton Defendants have not been properly served with the Complaint. Notwithstanding and without waiving their claims, the Ironton Defendants now move for leave instanter to refile their Motion to Dismiss, attached hereto, seeking dismissal on the grounds not reached by the Nevada District Court, specifically dismissal due to Fed. R. Civ. P. 12(b)(6) *res judicata* and Fed. R. Civ. P. 12(b)(5) insufficient service of process and therefore, lack of personal jurisdiction. In the alternative, the Ironton Defendants seek leave to file an Answer to Plaintiff's Complaint.

**II.     LAW AND ARGUMENT**

    **A.  STANDARD OF REVIEW**

Although Rule 12(a) of the Federal Rules of Civil Procedure provides that a court's denial of a motion filed under Rule 12 necessitates the filing of a responsive pleading within 14 days after notice of the court's action, where a party does not serve a responsive pleading after dismissal of a Rule 12 motion within the contemplated time, it is within the court's discretion to grant an enlargement of time. See *Morgan v. Gandalf, Ltd.*, 165 Fed. Appx. 425, 428 (6th Cir.2006) ("Whether to grant defendants an enlargement of time to file their answer was a matter committed to the district court's discretion."); see also, *Haggard v. Stevens*, No. 2:09-cv-1144, 2010 U.S. Dist. LEXIS 35245, *2, 2010 WL 1032625 (S.D. Ohio Mar. 16, 2010) ("Since the early days of application of the Federal Rules of Civil Procedure, it has been widely agreed that '[p]ermission to plead after the allotted time is a matter for the discretion of the trial judge …'") (quoting *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 187 (3d Cir.1942)).

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time *** on motion made after the time has expired if the party failed to act because of excusable neglect."

2

Fed.R.Civ.P.6(b)(1)(B). "The determination of excusable neglect is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 Fed. Appx. 265, 266 (6th Cir.2009) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489 (1993)).

In considering the existence of excusable neglect, courts balance the following five principals: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir.2006) (citing *Pioneer*, 507 U.S. at 395.) A trial court's decision whether to grant an extension to file is also guided by Rule 1, which instructs courts to construe, administer, and employ the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1.

As more fully briefed herein, the Ironton Defendants have not yet filed a responsive pleading as a result of excusable neglect. Given the issues of *res judicata* and failure of service of process raised in the Ironton Defendants' motion, it is paramount that this Court grant leave to refile the attached Motion to Dismiss, instanter, or in the alternative an Answer to Plaintiff's Complaint to ensure the just, speedy, and inexpensive determination of this matter.

**B. IT IS EXCUSABLE NEGLECT THAT THE IRONTON DEFENDANTS HAVE NOT YET FILED A RESPONSIVE PLEADING SINCE THE DISTRICT OF NEVADA'S ORDER**

In the District of Nevada's Order transferring this case to the Southern District of Ohio, the Nevada Court made clear that it was not reaching the substantive merits of the Ironton Defendants' motion to dismiss. See e.g., Doc. 40, Page 7 ("Because the Court finds that it is not the proper venue for DeCastro's claims, this Court does not reach the other grounds on which the Defendants

3

seek to dismiss."); *Id*. at Page 13 ("[The motions to dismiss] are granted in part to the extent they request that this Court transfer jurisdiction of this case under Federal Rule of Civil Procedure 12(b)(3) for improper venue and under 28 U.S.C. § 1406(a). They are denied in all other respects.").

After the case was transferred, the Ironton Defendants were not certain whether a responsive pleading was warranted by the Nevada Court's dismissal or whether refiling of their motion on grounds not reached by the Nevada Court was permissible. In fact, it appears that Plaintiff was likewise unsure what the next steps were, as evidenced by his motion to set a briefing schedule. (Doc. 44, PageID 13.) (Requesting the Southern District of Ohio set a briefing schedule to resolve Defendants' pending motions to dismiss. Noting the "transferor court did not resolve the substantive issues raised in the Defendants' motions[.]")

On January 12, 2026, this Court brought clarity to the Parties' confusion, entering a Notation Order denying the Plaintiff's motion as moot. In the Notation Order, the Court noted that "[t]hese motions were specifically ruled on by the District of Nevada prior to the transfer of this case to the Southern District of Ohio[.]" In light of the Court's recent Notation Order, the Ironton Defendants now move for leave to refile their Motion to Dismiss before this court, seeking dismissal on the grounds not reached by the Nevada District Court. In the alternative, the Ironton Defendants seek leave to file an Answer to Plaintiff's Complaint.

Addressing the five principles identified by the *Pioneer* court, the Ironton Defendants contend that it was the result of excusable neglect that they now seek to file a responsive pleading before this Court. Turning to the first *Pioneer* factor, the danger of prejudice to the nonmoving party is minuscule. As the nonmoving party himself acknowledged in his motion to set a briefing schedule, the Nevada Court did not resolve the substantive issues raised by the Defendants'

motions. (Doc. 44, PageID 13.) In requesting the Court to set a briefing schedule, Plaintiff necessarily anticipated that he would have to respond to the substantive arguments set forth in the Defendants' motions. Turning to the second *Pioneer* factor, it is undeniable that five months have passed since the Nevada Court issued its Order transferring the case to this Court. Notwithstanding the time elapsed, there is minimal risk that this delay will adversely affect the judicial proceedings. In fact, resolving whether Plaintiff's claims are barred by *res judicata* serves the interests of both Parties and the Court by avoiding undue burden and expense. Third, as thoroughly briefed herein, the reason for the delay is that the Ironton Defendants were not certain whether a responsive pleading was warranted by the Nevada Court's dismissal or whether refiling a motion to dismiss on grounds not reached was permissible, particularly in light of the fact that the Ironton Defendants have never been properly served. Addressing *Pioneer* principles four and five together, it is admittable that the delay was within the reasonable control of this moving party, but the Ironton Defendants contend that they acted in good faith.

In reviewing federal courts' treatment of venue transfers, the Ironton Defendants note that this Court has specifically recognized that the transferring court typically resolves the venue question without ruling on the dispositive motion. See, e.g., *Hernandez v. Office of the Comm'r of Baseball*, No. 1:17-CV-00456, 2018 U.S. Dist. LEXIS 168597, 2018 WL 4761472, at *5 (S.D. Ohio Sept. 20, 2018) ("In theory, the undersigned could deny the Rule 12(b)(6) motion without prejudice to refiling in the transferee court; however, in an effort to comport with the transferee court's preferences, the undersigned declines to pass on the Rule 12(b)(6) relief at all, so that the transferee court will be at liberty to resolve such motions or to solicit re-briefing on them.") (internal citations omitted); *Enigma Software Group USA, LLC v. Malwarebytes, Inc.*, 260 F. Supp.3d 401, 413 (S.D.N.Y. 2017) (declining to rule on three pending motions, including a motion

to dismiss, after granting motion to transfer venue, and finding that the motions would be more properly addressed by the transferee court); *Davis v. Samuel I. White, P.C.*, No. RDB-15-1108, 2016 U.S. Dist. LEXIS 39038, 2016 WL 1159206, at *1, 7 n.6 (D. Md. Mar. 24, 2016) (granting motion to transfer venue and denying, without prejudice to renew in transferee court, the motion to dismiss, noting that the transferor court will not determine whether the allegations survive Rule 12(b)(6) as the "[t]he sufficiency of the First Amended Complaint, however, is a matter reserved for the transferee court."); *Detroit Coffee Co., LLC v. Soup For You, LLC*, 16-CV-9875, 2018 U.S. Dist. LEXIS 26170, 2018 WL 941747, at *2-4 (S.D.N.Y. Feb. 16, 2018) (denying as moot defendants' motion to dismiss for lack of personal jurisdiction where the court granted defendants' motion to transfer for improper venue).

### III. CONCLUSION

In light of the foregoing, the Ironton Defendants respectfully request that this Court grant them leave instanter to refile the attached Motion to Dismiss for insufficient service of process and failure to state a claim upon which relief can be granted. In the alternative, the Ironton Defendants seek an extension to file an Answer to Plaintiff's Complaint.

    Respectfully submitted,

    SURDYK, DOWD & TURNER CO., L.P.A.

    */s/ Dawn M. Frick*
    Jeffrey C. Turner (0063154)
    Dawn M. Frick (0069068)
    8163 Old Yankee Street, Suite C
    Dayton, Ohio 45458
    (937) 222-2333 | (937) 222-1970 (fax)
    jturner@sdtlawyers.com
    dfrick@sdtlawyers.com
    *Attorneys for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Robert Fouch, and the City of Ironton, Ohio*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record  and by electronic mail to Chille@SituationCreator.com and by placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail, fully addressed as follows:

Jose DeCastro
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036

                                  */s/ Dawn M. Frick*
                                  Dawn M. Frick (0069068)