# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JOSE DECASTRO, | : | |
| | : | Case No. 1:25-CV-00613-MRB-SKB |
| PLAINTIFF, | : | |
| | : | JUDGE MICHAEL R. BARRETT |
| v. | : | |
| | : | MAGISTRATE JUDGE STEPHANIE |
| EVAN MCKNIGHT, *et al.*, | : | K. BOWMAN |
| | : | |
| DEFENDANTS. | : | |

## LAWRENCE COUNTY DEFENDANTS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MOTION TO DISMISS OR, IN THE ALTERNATIVE, FILE AN ANSWER

Now come the Defendants, John Chapman and the Lawrence County Commissioners (collectively referred to as the "Lawrence County Defendants"), by counsel, respectfully requesting this Court grant leave, pursuant to Fed. R. Civ. P. 6(B), for the aforesaid Defendants to file a supplemental motion to dismiss or, alternatively, file an answer to the Complaint. A Memorandum in Support is attached hereto and incorporated by reference.

Respectfully Submitted,

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
Lambert Law Office
P.O. Box 725
Ironton, OH 45638
(740) 532-4333
(740) 532-7341 – Fax
*Counsel for Lawrence County Defendants*

**MEMORANDUM IN SUPPORT**

**I. PROCEDURAL HISTORY**

On March 4, 2024, Plaintiff Jose DeCastro (hereinafter, "DeCastro"), appearing *pro se*, filed a Complaint in the United States District Court for the District of Nevada. The claims set forth in the Complaint are premised upon DeCastro's arrest for trespass that occurred on March 29, 2022, at Ironton City Hall. (Doc. #: 1). On March 25, 2025, the Lawrence County Defendants filed a Motion to Dismiss or, alternatively, transfer venue. (Doc. #: 19).

Ultimately, the Nevada District Court determined that venue was improper, pursuant to 28 U.S.C. § 1406 and Fed. R. Civ. P. 12(b)(3), and transferred the case to this Court. (Doc. #: 40). In granting the Lawrence County Defendants' motion requesting venue be transferred, the Court simultaneously denied the Lawrence County Defendants' motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), which asserted that DeCastro's claims were barred by res judicata. (Doc. #: 40). Specifically, the Court held that the Lawrence County Defendants' motion to dismiss was "granted in part to the extent they request that this Court transfer jurisdiction of this case under Federal Rule of Civil Procedure 12(b)(3) for improper venue and under 28 U.S.C. § 1406(a). [The motion to dismiss is] denied in all other respects." (Doc. #: 40, PAGEID #: 311). Thereafter, the case was transferred, to this Court, on August 22, 2025. (Doc. #: 41).

After the case was transferred, the undersigned counsel believed that the issue of res judicata was pending before this Court. However, this Court recently clarified that there are no issues currently pending. On December 15, 2025, DeCastro filed a Motion to Set Briefing Schedule on Defendants' Pending Motions to Dismiss (Doc. #: 44), and on January 12, 2026, this Court's Notation Order denied DeCastro's motion as moot finding that "[t]hese motions were specifically ruled on by the District of Nevada prior to the transfer of this case to the Southern District of

2

Ohio."

## II. LAW AND ARGUMENT

Due to the District of Nevada ruling on the entirety of the Lawrence County Defendants' Motion to Dismiss, Fed. R. Civ. P. 12(a)(4) required the filing of a responsive pleading within fourteen (14) days after notice of the court's action. However, "[p]ermission to plead after the allotted time is a matter for the discretion of the trial judge […]." *Haggard v. Stevens*, No. 2:09-CV-1144, 2010 WL 1032625, *1 (S.D. Ohio 2010) (quoting *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 130 F.2d 185, 187 (3d Cir. 1942)).

Rule 6(b) of the Federal Rules of Civil Procedure sets forth the parameters for deadline extensions. Under Fed. R. Civ. P. 6(b), "[e]xtensions always may be asked for, and usually are granted upon a showing of good cause […]." *Haggard*, at *1 (quoting *Creedon v. Taubman*, 8 F.R.D. 268, 269 (N.D. Ohio 1947)). The aforesaid rule provides the following:

> (b) Extending Time.
>
>> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>>
>>> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>>>
>>> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Excusable neglect is a "somewhat elastic concept" that is "an equitable one, taking account of all relevant circumstances." *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 241 (E.D. Ky. 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). The legal standard for determining "excusable neglect" requires a court to balance five factors: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its

3

potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993); *see also Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). For the reasons set forth below, the Lawrence County Defendants maintain that their actions constitute excusable neglect.

### A. The Danger Of Prejudice To The Nonmoving Party

In this case, if the Lawrence County Defendants are permitted to file a supplemental motion to dismiss or an answer, it will not prejudice DeCastro. DeCastro's motion requesting this Court set a briefing schedule acknowledged that DeCastro believed that Defendants' motions to dismiss were still pending. (Doc. #: 44, PAGEID #: 13). According to DeCastro, "[t]he transferor court did not resolve the substantive issues raised in Defendants' motion, making a new schedule necessary for this Court to address those threshold matters." (Doc. #: 44, PAGEID #: 13). Therefore, because DeCastro also believed that the substantive issues were still pending, there is no danger of prejudice to the nonmoving party.

### B. The Length Of The Delay And Its Potential Impact On Judicial Proceedings

The Lawrence County Defendants do not believe that the submission of a supplemental motion or answer will greatly impact the judicial proceedings. In this case, no calendar order has been established. Moreover, DeCastro's motion establishes that he anticipated responding to Defendants' motions to dismiss. (Doc. #: 44). The Lawrence County Defendants believe that it is imperative that the issues set forth in the supplemental motion be ruled upon and doing so is in the best interest of judicial economy.

### C. The Reason For The Delay

After this case was transferred to this Court, it appears all parties were confused as to the appropriate next steps. Like counsel for the Ironton City Defendants, the undersigned counsel was also uncertain whether the issues set forth in the motions to dismiss were still pending. (Doc. #: 47, PAGEID #: 26). However, on January 12, 2026, this Court's Notation Order clarified that Defendants' motions to dismiss were "specifically ruled on by the District of Nevada prior to the transfer of this case to the Southern District of Ohio[.]" As a result of this Court's clarification, the Lawrence County Defendants now seek leave to file a supplemental motion to dismiss or answer to the Complaint.

### D. Whether The Delay Was Within The Reasonable Control of The Moving Party And Whether The Late-Filing Party Acted In Good Faith

Addressing the fourth and fifth factor together, the Lawrence County Defendants admit that the delay was within their control. However, as explained above, it appears all parties were confused as to the appropriate procedural progression. Additionally, this motion for leave was filed only days after this Court's Notation Order of January 12, 2026, which provided clarity to this situation. Thus, the Lawrence County Defendants assert that they acted in good faith.

### III. CONCLUSION

The Sixth Circuit held that when a case is transferred, pursuant to 28 U.S.C. § 1406, the law of the transferee court applies. *GBJ Corp. v. E. Ohio Paving Co.*, 139 F.3d 1080, 1084-85 (6th Cir. 1998). For that reason, the Lawrence County Defendants seek to file a supplemental motion to dismiss in order to address the res judicata issue under the applicable caselaw precedent. Additionally, since venue was transferred to this Court, the Lawrence County Defendants believe that DeCastro's claims are barred by the statute of limitations. Alternatively, if this Court determines that the Lawrence County Defendants cannot file a supplemental motion to dismiss,

5

they respectfully request this Court permit them to file an answer to DeCastro's Complaint.

                    Respectfully Submitted,

                    /s/ Cassaundra L. Sark
                    Cassaundra L. Sark (0087766)
                    *Counsel for Lawrence County Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the Lawrence County Defendants' Motion for Leave to File a Supplemental Motion to Dismiss or, In The Alternative, File An Answer was provided via the Court's electronic filing system (CM/ECF) on the 21st day of January 2026 and mailed, postage prepaid, via USPS to the following:

Jose DeCastro
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036

                                                  /s/ Cassaundra L. Sark
                                                  Cassaundra L. Sark (0087766)
                                                  *Counsel for Lawrence County Defendants*