**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOSE MARIA DECASTRO,<br><br>Plaintiff,<br><br>v.<br><br>EVAN MCKNIGHT, *et al*.,<br><br>Defendants. | ) | Case No. 1:25-cv-00613-MRB-SKB<br><br>Judge Michael R. Barrett<br>Magistrate Judge Stephanie K. Bowman<br><br>**DEFENDANTS PAM WAGNER, BRAD SPOLJARIC, CHANCE BLANKENSHIP, EVAN MCKNIGHT, ROBERT FOUCH, AND THE CITY OF IRONTON, OHIO'S MOTION TO DISMISS** |

Now come Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Robert Fouch, and the City of Ironton, Ohio (collectively the "Ironton Defendants"), by and through counsel, and hereby move this Court for an Order dismissing all of Plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process and therefore, lack of personal jurisdiction, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Ironton Defendants' arguments in support of this request are set forth more fully herein.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*<u>/s/ Dawn M. Frick</u>*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333| (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
*Attorneys for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Robert Fouch, and the City of Ironton, Ohio*

**MEMORANDUM**

## I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Jose DeCastro ("Plaintiff"), proceeding *pro se*, filed his Complaint in the instant case on March 4, 2024, in the United States District Court, District of Nevada. (Doc. 1.) In his Complaint, Plaintiff alleges wrongdoing by Defendants Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Robert Fouch, and the City of Ironton, Ohio (collectively the "Ironton Defendants").

Plaintiff's Complaint generally relates to his arrest for trespass on March 29, 2022, at Ironton City Hall in Ironton, Ohio. (Doc. 1, Page 29.) In his Complaint, Plaintiff alleges that on March 29, 2022, he was in Ironton City Hall shortly before 5:00 p.m. when the lights to the lobby were turned off. (Doc. 1, Page 31.) Plaintiff was approached by Ironton police officers who arrested him for trespass and confiscated his cell phone. (*Id*. at Page 33-34.) After being released from jail, Plaintiff filed a replevin action seeking the return of his cell phone. (*Id*. at Page 38.) Following the replevin hearing, Plaintiff's cell phone was returned to him in an allegedly damaged state. (*Id*. at Page 40.) Plaintiff now brings constitutional claims against the Ironton Defendants related to his arrest on March 29, 2022, and the alleged damage to his cell phone.

Notably, Plaintiff previously filed suit in the Southern District of Ohio against the Ironton Defendants in *DeCastro v. Wagner*, No. 1:22-cv-204, 2023 U.S. Dist. LEXIS 135625, 2023 WL 4966654 (S.D. Ohio Aug. 3, 2023) ("*DeCastro 1*"*)*. In *DeCastro 1*, Plaintiff brought suit against the Ironton Defendants related to the same arrest and alleged damage to his cell phone from the March 29, 2022, incident. (*Decastro 1*, First Amended Complaint, Doc. 20.)

In *DeCastro 1*, this Court granted judgment on the pleadings to the Ironton Defendants, finding that Plaintiff failed to state a claim against them. *Decastro*, 2023 U.S. Dist. LEXIS 135625,

at *10. In *DeCastro 1*, this Court found the Ironton Defendants had probable cause to arrest Plaintiff for trespassing. *Id*. at *6. The *DeCastro 1* court also found that there was no support in the record for Plaintiff's claim that his cell phone was damaged, based on a municipal court order from the replevin hearing reflecting that the cell phone had been returned and that "no evidence was presented as to any damages." *Id.* at *8.

Following this Court's ruling in *DeCastro 1*, Plaintiff filed a motion for reconsideration, which was denied. *Decastro v. Wagner*, No. 1:22-cv-204, 2023 U.S. Dist. LEXIS 183440, 2023 WL 6613837 (S.D. Ohio Sep. 26, 2023). Thereafter, Plaintiff appealed this Court's ruling to the Sixth Circuit Court of Appeals, where the decision in *DeCastro 1* was affirmed. *DeCastro v. Wagner*, No. 23-3808, 2024 U.S. App. LEXIS 15425, at *1, 2024 WL 4494843 (6th Cir. Jun. 25, 2024).

Notwithstanding these rulings, Plaintiff filed the instant suit in the District Court of Nevada based on the same allegations which were previously decided in the Ironton Defendants' favor by this Court in *DeCastro 1*. After the Ironton Defendants filed a Motion to Dismiss or in the Alternative Transfer Venue (Doc. 22), the Nevada District Court exercised its discretion to transfer the instant matter to this Court for final disposition.

The Ironton Defendants now move to dismiss this case. Plaintiff's claims are barred by the doctrine of *res judicata*. Thus, Plaintiff has failed to state a claim upon which relief could be granted, and the case should be dismissed pursuant to Rule 12(b)(6). Furthermore, the Ironton Defendants are entitled to a dismissal of Plaintiff's claims because there has been insufficient service of process on the Ironton Defendants, and therefore, a lack of personal jurisdiction. Accordingly, this Court should dismiss Plaintiff's Complaint with prejudice.

## II. <u>LAW AND ARGUMENT</u>

### A. STANDARD OF REVIEW

Rules 12(b)(5) and 12(b)(6) permit dismissal, by motion, for insufficient service of process and failure to state a claim upon which relief can be granted, respectively. Motions alleging insufficient service of process test whether a plaintiff has complied with the service requirements of Rule 4 of the Federal Rules of Civil Procedure. See *Aultman v. Shoop*, No. 2:20-cv-3304, 2021 U.S. Dist. LEXIS 26142, *9, 2021 WL 515881 (S.D. Ohio Feb. 11, 2021). ("[A] Rule 12(b)(5) motion challenges either the mode or lack of delivery of the summons and complaint."). Likewise, a motion alleging failure to state a claim tests whether a plaintiff has pled a cognizable claim in the complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir.2005) ("A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations.")

In considering a Rule 12(b)(5) motion, this Court has noted that the "Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made." *Beyoglides v. Montgomery Cnty. Sheriff*, 166 F. Supp. 3d 915, 917 (S.D. Ohio 2016); see also, *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). The Sixth Circuit has noted that "[t]he district court has broad discretion to dismiss [a] complaint on the ground of improper service." *Kalasho v. Republic of Iraq*, 102 F. App'x 27, 28 (6th Cir. 2004). Notably, "[a]bsent either waiver or proper service of process, this Court does not have personal jurisdiction over Defendants." *Beyoglides*, 166 F.Supp. at 917.

In resolving a Rule 12(b)(6) motion, this Court must accept the well-pleaded factual allegation of the complaint as true, drawing all reasonable inferences from those allegations in the plaintiff's favor. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012), citing *Harbin-Bey v.*

*Rutter*, 420 F.3d 571, 575 (6th Cir.2005). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations that 'raise a right to relief above the speculative level,' such that the claim 'is plausible on its face.'" *Id.*, quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir.2008).

With respect to *pro se* litigants, federal courts interpret the pleadings more liberally, applying a less stringent standard than they do for pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) (per curiam) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"), quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285 (1976); *see also, Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991). Although *pro se* pleadings are construed more liberally, the pleadings must still satisfy basic pleading requirements of Rule 8(a). *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989).

For the reasons more fully briefed below, Plaintiff fails to state a claim for relief that is plausible on its face. As such, this Court should dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(5) for insufficient service of process, and therefore, lack of personal jurisdiction, and Rule 12(b)(6) for failure to state a claim.

**B. PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA**

Plaintiff's Complaint should be dismissed because the claims are barred by *res judicata*, and thus Plaintiff can prove no set of facts that would entitle him to relief. Under the doctrine of

*res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that ***were or could have been raised*** in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir.2013), quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (emphasis added); see also, *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424 (1981).

The doctrine of *res judicata* precludes a court's consideration of a subsequent claim if the following are established: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Browning v. Levy*, 283 F.3d 761, 771 (6th Cir.2002), quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir.1997).

Here, there has been a final judgment on the merits of claims previously brought by Plaintiff against the Ironton Defendants in this very court. *See DeCastro v. Wagner,* No. 23-3808, 2024 U.S. App. LEXIS 15425, 2024 WL 4494843 (6th Cir. Jun. 25, 2024).[1] Crucially, Plaintiff's claims in that case arose out of the same transactional nucleus of facts on which Plaintiff bases his claims in this case. Accordingly, there is an "identity of claims" along with a final judgment on the merits and privity of parties to establish *res judicata*.

Despite its length, the actual causes of action raised in Plaintiff's Complaint all arise from his arrest on March 29, 2022, and the return of his cell phone by Ironton police after Plaintiff was released from jail. Plaintiff takes issue with his arrest and claims that his cell phone was returned to him damaged. Notably, Plaintiff's claims in *DeCastro 1* also arose from his arrest on March 29, 2022, and the allegation that his phone was returned to him damaged. *DeCastro v. Wagner*, No.

[1] In addition, certain allegations alleged in Plaintiff's Complaint also arise out of another case brought in the Common Pleas Court of Lawrence County, Ohio, *Jose DeCastro v. Ironton Police Department, et al.,* Case No. 22-OC-178, which was dismissed for failure to prosecute on July 27, 2022.

1:22-cv-204, 2023 U.S. Dist. LEXIS 135625, 2023 WL 4966654 (S.D. Ohio Aug. 3, 2023). The transactional nucleus of facts giving rise to *DeCastro 1* and the instant case is one and the same, and thus there is an "identity of claims" between the instant case and the prior action. In fact, Plaintiff's Complaint in this matter includes the same claims as *DeCastro 1*, including allegations of violations of the 1st, 4th, and 14th Amendments, along with *Monell* claims against the City of Ironton. Although the Complaint in this matter adds additional causes of action, they still arise out of the same transaction or occurrence previously litigated and could have been raised in the prior case. (Doc. 1, 19-1, and 19-2.)

Thus, because Plaintiff's claims in this case are based on the same facts that were already decided by this Court and affirmed by the Sixth Circuit Court of Appeals, Plaintiff's claims are barred by *res judicata*. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted, and his Complaint must be dismissed.

### C. PLAINTIFF FAILED TO PROPERLY SERVE PROCESS ON THE IRONTON DEFENDANTS

The Ironton Defendants are entitled to dismissal pursuant to Rule 12(b)(5) because Plaintiff failed to timely effectuate proper service of process, and therefore, this Court lacks personal jurisdiction. Despite filing his Complaint on March 4, 2024, Plaintiff did not attempt to serve it until March 5, 2025 (Docs. 14 and 15), after the Nevada District Court issued Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 13.) Thereafter, Plaintiff attempted service on some, but not all of the Ironton Defendants. (Doc. 15, Page 3-8.) The Proofs of Service filed by Plaintiff show that he attempted service on the City of

Ironton, the Ironton City Police Department (which is neither a Defendant nor *sui juris*),[2] and Evan McKnight. (Docs. 14 and 15.)

Rules 4(e) and 4(j) of the Federal Rules of Civil Procedure govern proper service of process for individuals and local governments, respectively. Both rules provide an alternative to the stringent technicalities of federal service of process: service in accordance with the state law where the district court is located or where service is made, or, in the case of service under Rule 4(j), the law of the state where the local government being sued is located.

Now that the Nevada District Court transferred venue to the Southern District of Ohio, this Court should apply Ohio law in determining whether Plaintiff effectuated proper service under state law. *Martin v. Stokes*, 623 F.2d 469, 472 (6th Cir.1980) ("[F]ollowing a transfer under § 1406(a), the transferee district court should apply its own state law rather than the state law of the transferor district court."); accord, *K-Tex, LLC v. Cintas Corp.*, 693 Fed. Appx. 406, 409 (6th Cir.2017).

Under Ohio law, service may be completed by the Clerk through United States certified or express mail, or by a commercial carrier. Ohio R. Civ. P. 4.1(A)(1). Alternatively, Ohio law provides that service may be completed by personal or residential service by a civil process server as stipulated under divisions (b) and (c) of Ohio R. Civ. P. 4.1.

In Ohio, service of process by certified mail must be made by the Clerk, not by the litigant. Ohio R. Civ. P.4.1(A); see also, *Bowman v. City of Steubenville*, No. 2:11-cv-601, 2012 U.S. Dist. LEXIS 29970, *4, 2012 WL 748774 (S.D. Ohio Mar. 7, 2012). In fact, this Court's local rules also

---

[2] In Ohio, it is well settled that police departments are not *sui juris*; they are merely sub-units of the municipalities they serve. *Jones v. Marcum*, 197 F.Supp.2d 991, 997 (S.D.Ohio 2002), citing *Williams v. Dayton Police Dept.*, 680 F.Supp. 1075, 1080 (S.D.Ohio 1987); *Johari v. City of Columbus Police Dept.*, 186 F.Supp.2d 821, 825 (S.D.Ohio 2002) (holding that the police department lacks capacity to be sued because "the Division of Police is an administrative vehicle by which the city operates and performs its functions."); see also *Wayment v. Holmes*, 112 Nev. 232, 238, 912 P.2d 816, 819 (1996) (In the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued." Citing 64 C.J.S. *Municipal Corporations* § 2195 (1950) (footnotes omitted)

contemplate service of process by the Clerk. S.D. Ohio Civ. R. 4.2(a) ("The attorney of record or the serving party shall affix adequate postage to the envelope and deliver it to the Clerk who shall cause it to be mailed.")

Applying these rules to the present matter, the individual Ironton Defendants should have each received a copy of the summons and complaint personally, or at their dwelling or usual place of abode, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Alternatively, Plaintiff should have completed service by mail, delivering it to the Clerk for certified mailing.

As to the City of Ironton, the summons and complaint should have been served "to its chief executive officer" (Fed.R.Civ. P. 4(j)(2)(A)) or by service to "the officer responsible for the administration of the office, department, agency, authority, institution, or unit or by serving the city solicitor or comparable legal officer." Ohio R. Civ. P. 4.2(N).

Here, none of the Ironton Defendants were properly served. Instead, service was made on "Terri – Mayor's Secretary" and "Officer Corey Allison." (Doc. 14 and 15.) Plaintiff did not actually serve any of the Ironton Defendants but merely left a copy of the summons and complaint with a secretary and another police officer, neither of whom are parties to this lawsuit. Due to the insufficient service, Plaintiffs' claims must be dismissed. *Fields v. Cincinnati Police Dep't*, No. 1:21-cv-35, 2021 U.S. Dist. LEXIS 105991, * 7, 2021 WL 2313465 (S.D. Ohio Jun. 4, 2021) ("Proper service of process is required in order for this Court to obtain in personam jurisdiction over each defendant.") (citing O*.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003)).

## III. CONCLUSION

In light of the foregoing, the Ironton Defendants respectfully request that this Court grant their Motion to Dismiss pursuant to Rule 12(b)(5) and Rule 12(b)(6), and dismiss all of Plaintiff's claims against them, with prejudice.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*
Jeffrey C. Turner (0063154)
Dawn M. Frick (0069068)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333| (937) 222-1970 (fax)
jturner@sdtlawyers.com
dfrick@sdtlawyers.com
*Attorneys for Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Robert Fouch, and the City of Ironton, Ohio*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record and by electronic mail to Chille@SituationCreator.com and by placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail, fully addressed as follows:

Jose DeCastro
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036

*/s/ Dawn M. Frick*
Dawn M. Frick (0069068)