# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JOSE DECASTRO, | : |
| | : Case No. 1:25-CV-00613-MRB-SKB |
| PLAINTIFF, | : |
| | : JUDGE MICHAEL R. BARRETT |
| v. | : |
| | : MAGISTRATE JUDGE STEPHANIE |
| EVAN MCKNIGHT, *et al.*, | : K. BOWMAN |
| | : |
| DEFENDANTS. | : |

## LAWRENCE COUNTY DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS

Now come the Defendants, John Chapman and the Lawrence County Commissioners (collectively referred to as the "Lawrence County Defendants"), by counsel, respectfully requesting this Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A Memorandum in Support is attached hereto and incorporated by reference.

Respectfully Submitted,

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
Lambert Law Office
P.O. Box 725
Ironton, OH 45638
(740) 532-4333
(740) 532-7341 – Fax
*Counsel for Lawrence County Defendants*

**MEMORANDUM IN SUPPORT**

### I. STATEMENT OF THE CASE

Plaintiff Jose DeCastro (hereinafter, "DeCastro"), proceeding pro se, is a self-proclaimed "member of the press who was investigating police corruption" in Ironton, Ohio. (Doc. #: 1, ¶ 1). On March 29, 2022, DeCastro was at the Ironton City Hall building inquiring about renting the common area for the same day to hold a "constitutional rights class." (Doc. #: 1, ¶¶ 64-65). According to the Complaint, it was after 3:00 p.m. when DeCastro sought permission from the Mayor's office to use the aforesaid space and wanted his "class" to start at 3:15 p.m., which required immediate authorization to utilize the area. (Doc. #: 1, ¶ 65). DeCastro was informed that any request to use the building had to be approved with 24 hours' notice. (Doc. #: 1, ¶ 69). However, Ironton's Mayor, Samuel Cramblit, had to approve the request, and he had already left the office for the day. (Doc. #: 1, ¶ 65). Even though DeCastro did not have permission to hold his "class," he sent a public invitation "expecting that [he] would be allowed to use the space without [his] rights being violated, and that Cramblit would do the right thing and authorize the request." (Doc. #: 1, ¶ 65).

According to DeCastro, at 4:58 p.m., the lights were turned off in the lobby at the Ironton City Hall building, which "further interfere[d] with [his] right to use the lobby." (Doc. #: 1, ¶ 70). At 4:59 p.m., former Ironton City Police Chief, Pam Wagner, told DeCastro to leave the building or he would be arrested. (Doc. #: 1, ¶ 73). Ultimately, due to DeCastro's failure to vacate the premises, he was arrested. (Doc. #: 1, ¶ 75).

After DeCastro's arrest, he was taken to the Lawrence County Jail. (Doc. #: 1, ¶ 79). During the booking process, DeCastro was asked to provide his Social Security number and refused. (Doc. #: 1, ¶¶ 79-80). According to DeCastro, the Lawrence County Jail Administrator, John Chapman,

said that he would list DeCastro as a "John Doe," and be incarcerated for up to three months until the FBI confirmed his identity. (Doc. #: 1, ¶ 80). DeCastro also claims that Chapman "threatened to charge [him] with felony obstruction if [he] didn't provide [his] social security number." (Doc. #: 1, ¶ 80). Eventually, DeCastro provided his social security number and was released, on bail, the same day. (Doc. #: 1, ¶¶ 80-81).

As a result of DeCastro's alleged interactions with the Lawrence County Defendants, he filed a Complaint in the United States District Court for the District of Nevada on March 4, 2024. The Complaint sets forth the following causes of action against the Lawrence County Defendants: Count 8 (Doc. #: 1, ¶¶ 141) – Monell Policy and Supervisory Liability Claim against Defendant Lawrence County; Count 14 (Doc. #: 1, ¶¶ 177-182) – Negligence against all individual Defendants; Count 15 (Doc. #: 1, ¶¶ 183-188) – Failure to Train against Lawrence County; Count 16 (Doc. #: 1, ¶¶ 189-193) – Failure to Intervene against all individual Defendants; Count 17 (Doc. #: 1, ¶¶ 194-198) – Civil Conspiracy and Racketeering against all individual Defendants; Count 18 (Doc. #: 199-203) – Abuse of Power against Defendant John Chapman; and Count 24 (Doc. #: 1, ¶¶ 229-233) – Denial of Rights against Defendant John Chapman.[1] For the reasons set forth below, the Lawrence County Defendants maintain that the Complaint fails to state a claim upon which relief can be granted.

## II. **PROCEDURAL HISTORY**

DeCastro filed a Complaint in the United States District Court for the Southern District of Ohio, Western Division, on April 13, 2022. (*Jose Maria DeCastro v. Pam Wagner*, et al., Case No. 1:22-CV-204). The Complaint named the following Defendants: Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Officer Fouch, Major Chapman, Jane Doe, City of Ironton,

---

[1] It is unclear whether Count 5 (Doc. #: 1, ¶¶ 125-129), alleging a First Amendment violation, and Count 6 (Doc. #: 1, ¶¶ 130-134), alleging First Amendment retaliation, are directed against the Lawrence County Defendants.

3

and Lawrence County, Ohio. The Complaint set forth the following causes of action: Cause 1 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Wagner, Spoljaric, Blankenship, McKnight, and Fouch; Cause 2 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Chapman; Cause 3 – 42 U.S.C. § 1983 – Fourteenth Amendment Violation – Due Process against Defendants; Cause 4 – 42 U.S.C. § 1983 – Violation of First Amendment against Defendants; Cause 5 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Chapman; Cause 6 – 42 U.S.C. § 1983 – Violation of Fourteenth Amendment against Jane Doe; and Cause 7 – 42 U.S.C. § 1983 – Monell claim against Ironton and Lawrence County for failure to properly train and supervise.

On May 11, 2022, the Lawrence County Defendants filed a Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). On September 15, 2022, DeCastro filed an Amended Complaint. The Amended Complaint omitted the following Defendants who were named in the original Complaint: John Chapman, Jane Doe, Lawrence County, Ohio, and the City of Ironton, Ohio. The Amended Complaint also omitted the following causes of action that were set forth in the original Complaint: Cause 2 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Chapman; Cause 5 – 42 U.S.C. § 1983 – Violation of Fourth Amendment against Chapman; and Cause 6 – 42 U.S.C. § 1983 – Violation of Fourteenth Amendment against Jane Doe.

Thereafter, on September 20, 2022, the Lawrence County Defendants filed a Motion to Dismiss the Amended Complaint. Ultimately, this Court granted the Lawrence County Defendants' Motion to Dismiss on August 3, 2023. DeCastro then filed a Motion for Reconsideration, a second Motion for Reconsideration, and a Motion to Vacate the judgment and leave to file a second amended complaint, which were all denied. DeCastro filed his Notice of

Appeal, to the Sixth Circuit Court of Appeals, on October 2, 2023. The Sixth Circuit affirmed this Court's decision. *See DeCastro v. Wagner*, No. 23-3808, 2024 WL 4494843 (6th Cir. 2024).

On March 4, 2024, DeCastro, again proceeding *pro se*, filed a Complaint in the United States District Court for the District of Nevada. The claims set forth in the Complaint are premised upon DeCastro's arrest for trespass that occurred on March 29, 2022, at Ironton City Hall. (Doc. #: 1). On March 25, 2025, the Lawrence County Defendants filed a Motion to Dismiss or, alternatively, transfer venue. (Doc. #: 19). Ultimately, the Nevada District Court determined that venue was improper, pursuant to 28 U.S.C. § 1406, and transferred the case to this Court on August 22, 2025. (Doc. #: 40, 41).

### III. LAW AND ARGUMENT

#### A. Motion To Dismiss Standard

Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The plaintiff's ground for relief must entail more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although a plaintiff need not plead specific facts, the complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "[A] naked assertion […] gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility […]." *Twombly*, 550 U.S. at 557. Thus, to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[a] complaint

must contain either direct or inferential allegations concerning 'all the material elements necessary to sustain recovery under *some* viable legal theory.'" *Twombly*, 550 U.S. at 562 (emphasis in original).

### B. DeCastro's Claims Are Barred By Res Judicata.

The doctrine of res judicata requires four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were, or could have been, litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *Dennis v. Berne Township Trustees*, No. C2-04-CV-1185, *5 (S.D. Ohio 2006). Res judicata operates to "relieve parties of the cost and vexation of multiple lawsuits, [to] conserve judicial resources, and, by preventing inconsistent decisions, [to] encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata, thus, requires the plaintiff to present every ground for relief in the first action, or be forever barred from asserting it. *Moore v. Hiram Twp.*, 988 F.3d 353, 365 (6th Cir. 2021) (citing *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (1995)). For the reasons set forth below, all four elements to establish res judicata have been met.

### i. A Prior Final, Valid Decision On The Merits

On August 3, 2023, this Court granted the Lawrence County Defendants' Motion to Dismiss in Case No. 1:22-CV-204 (*Jose Maria DeCastro v. Pam Wagner*, *et al.*). Although this Court did not specify whether the suit was dismissed with or without prejudice, Fed.R.Civ.P. 41(b) states that "[u]nless the dismissal order states otherwise, a dismissal […] – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits." Moreover, the United States Supreme Court confirmed that a dismissal for failure

6

to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), is a "judgment on the merits" to which res judicata applies. *Federated Dept. Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981). Thus, because this Court dismissed DeCastro's Amended Complaint in the prior case, pursuant to the Lawrence County Defendants' 12(b)(6) Motion to Dismiss, the Court's dismissal constitutes a final judgment on the merits.

### ii. The Same Parties, Or Their Privies, As The First

The second element necessary to establish a claim is barred under res judicata requires a second action involving the same parties, or their privies, as the first. Ohio courts have given the term "privity" a "broad definition" by looking at whether the parties have "a mutuality of interest, including an identity of desired result." *Slough v. Telb*, No. 3:06 CV 2592, *5 (N.D. Ohio 2010) (quoting *Kirkhard v. Keiper*, 101 Ohio St.3d 377, 379 (2004)). *See also Eliason Corp. v. Bureau of Saf. And Reg. of Mich.,* 546 F.Supp. 1298, 1305 (W.D. Mich. 1983) ("The concept of privity has generally been applied to persons who in the eyes of the law 'stand in the shoes' of another with respect to their relationship to the subject matter of the suit, e.g., assignor and assignee, executor and testator, master and servant, guardian and ward, trustee in bankruptcy and bankruptcy, or indemnitor and indemnitee.").

In DeCastro's prior case (Case No. 1:22-CV-204), he named the following Defendants: Pam Wagner, Brad Spoljaric, Chance Blankenship, Evan McKnight, Officer Fouch, Major John Chapman, Jane Doe, City of Ironton, and Lawrence County, Ohio. When DeCastro filed his Complaint in the United States District Court for the District of Nevada, he again named John Chapman and the Lawrence County Commissioners, among others, as Defendants. DeCastro may claim that he filed his previous suit against Lawrence County, Ohio, and as a result, he is suing different parties in the current Complaint. However, because DeCastro is presumably suing the

7

Commissioners, in their official capacities, he is essentially suing Lawrence County. *See Swartz Ambulance Serv., Inc. v. Genesee Cnty.*, 666 F.Supp.2d 721, 726 (E.D. Much 2009) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("[C]laims brought against Genesee Board of Commissioners and individuals Commissioners pursuant to 42 U.S.C. § 1983 are duplicative of the claim against Genesee County because official capacity suits are the equivalent of a suite against the municipality.")). Moreover, the Complaint does not specify whether DeCastro is suing the Lawrence County Commissioners in their individual capacities, and as a result, it is assumed they are only being sued in their official capacities. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (quoting *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991)). Thus, the previous case filed in this Court, and the current case before this Court, involve identical parties, and as a result, Defendants maintain that res judicata bars the current action.

### iii. A Second Action Raising Claims That Were, Or Could Have Been, Litigated In The First Action

The third element of res judicata determines whether the later action raises claims that were, or could have been, litigated in the first action. *Loy v. Fed. Home Loan Mortg. Corp.*, 557 B.R. 569, 577 (Bankr. N.D. Ohio 2016). The scope of claims covered by this prong is quite broad, extending not only to re-litigation of a claim previously adjudicated, but also to the litigation of a claim that should have been raised, but was not, in the prior suit. *Id*. (citing *Frazier v. Matrix Acquisitions, LLC*, 873 F.Supp.2d 897, 902 (N.D. Ohio 2012)).

In the original Complaint, in Case No. 1:22-CV-204 (Doc. #: 1), DeCastro's second and fifth causes of action alleged a Fourth Amendment violation against Defendant John Chapman. Additionally, DeCastro set forth a claim against Lawrence County, pursuant to 42 U.S.C. § 1983,

8

for failing to properly train and supervise.[2]

Similarly, the current Complaint sets forth the following causes of action against the Lawrence County Defendants: Count 8 (Doc. #: 1, ¶¶ 141) – Monell Policy and Supervisory Liability Claim against Defendant Lawrence County; Count 14 (Doc. #: 1, ¶¶ 177-182) – Negligence against all individual Defendants; Count 15 (Doc. #: 1, ¶¶ 183-188) – Failure to Train against Lawrence County; Count 16 (Doc. #: 1, ¶¶ 189-193) – Failure to Intervene against all individual Defendants; Count 17 (Doc. #: 1, ¶¶ 194-198) – Civil Conspiracy and Racketeering against all individual Defendants; Count 18 (Doc. #: 199-203) – Abuse of Power against Defendant John Chapman; and Count 24 (Doc. #: 1, ¶¶ 229-233) – Denial of Rights against Defendant John Chapman.[3] Although some of the claims asserted in the current Complaint were not set forth in the previous Complaint, res judicata only requires a second action to raise claims that were, *or could have been*, litigated in the first action. All claims asserted in the current action could have been set forth in the original Complaint due to DeCastro premising his claims, in the current case, on the exact occurrence set forth in the original action.

### iv. A Second Action Arising Out Of the Transaction Or Occurrence That Was The Subject Matter Of The Previous Action.

The fourth element to establish res judicata requires the second action "arise out of the transaction or occurrence that was the subject matter of the previous action." *Fleming v. Ohio Bell Tel. Co.*, Case No. 1:17CV1815, *11 (N.D. Ohio 2018). The second action involves the "same transaction or occurrence" if it concerns the same "common nuclear of operative facts." *Id. See*

---

[2] Although DeCastro included the Lawrence County Defendants in his initial Complaint in Case No. 1:22-CV-204, after the Lawrence County Defendants filed a Motion to Dismiss, he then amended his Complaint and omitted John Chapman and Lawrence County, Ohio, as named Defendants. Nonetheless, the Amended Complaint set forth allegations against John Chapman in the body.

[3] It is unclear whether Count 5 (Doc. #: 1, ¶¶ 125-129), alleging a First Amendment violation, and Count 6 (Doc. #: 1, ¶¶ 130-134), alleging First Amendment retaliation, are directed against the Lawrence County Defendants.

9

*also United States ex. rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 417 (6th Cir. 2016). Importantly, this element does not require the claims in both actions to be identical:

> [Res judicata] applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action.

*Id*. at 418 (quoting *Grava v. Parkman Township*, 653 N.E.2d 226, 229 (1995), quoting Restatement (Second) of Judgments § 25 (Am. Law Inst. 1982)). "In sum, satisfaction of this element under Ohio law does not require that both cases involve identical causes of action, proof of identical elements, or even the presentation of exactly the same evidence." *Sheldon*, 816 F.3d at 418.

On April 13, 2022, DeCastro filed a pro se complaint in the United States District Court for the Southern District of Ohio (Case No. 1:22-cv-204). In that case, DeCastro based the causes of action on the same set of allegations set forth in the instant Complaint before this Court. In the prior case, DeCastro detailed a "protest" that occurred at Ironton City Hall, and he refused to vacate the premises when the building was closed, which resulted in his arrest by the Ironton Police Department. DeCastro claimed that during the booking process, Major John Chapman, with the Lawrence County Sheriff's Office, told DeCastro "that he had to get his Social Security number." DeCastro allegedly objected, and according to the Complaint, Chapman told him that he would be listed as a "John Doe" and incarcerated for up to three months until the FBI confirmed his identity. DeCastro further alleged that Chapman "demanded" his Social Security number and "threatened him with a felony charge of obstruction of justice if [Plaintiff] did not give him his Social Security number."

In the current case, the causes of action are premised upon the exact occurrences that DeCastro based his initial Complaint. Thus, because the claims before this Court center upon the

10

same events presented in the previous action, the fourth element of res judicata is met, and as a result, res judicata bars all claims against the Lawrence County Defendants.

### C. The Civil Conspiracy Claim, Under State Law, Is Barred By The Applicable Statute Of Limitations.[4]

Under Ohio law, "[t]he tort of civil conspiracy is a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *Carter v. Nat'l City Bank,* No. 1:17-CV-508, 2018 WL 3543699, *3 (S.D. Ohio 2018), report and recommendation adopted, No. 1:17CV508, 2018 WL 6681226 (S.D. Ohio 2018) (quoting *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 1998-Ohio-294, 700 N.E.2d 859, 868). In order to establish a civil conspiracy claim, an underlying unlawful act is required. *Id*. Therefore, "the applicable statute of limitations for filing a civil conspiracy [claim] is the relevant limitations statute for the underlying cause of action." *Id*. (quoting *Davis v. Clark Cty. Bd. Of Commrs.*, 2013-Ohio-2758, 994 N.E.2d 905, ¶ 20).

DeCastro's civil conspiracy claim is premised upon the allegation that Defendants defamed and battered him. (Doc. #: 1, ¶ 196). However, both defamation and battery are subject to a one-year statute of limitations. *See Albergo v. Home Depot U.S.A., Inc.*, No. 4:07CV2325, 2008 WL 11483091, *2 (N.D. Ohio 2008) ("[W]hen the underlying wrong which the complaint alleges is defamation, the one-year statute of limitations" is applicable); *Giles v. Donegan*, 2024-Ohio-6023, 261 N.E.3d 1079, ¶ 21, appeal not allowed, 178 Ohio St.3d 1457, 2025-Ohio-1483, 257 N.E.3d 199 (defamation claims are subject to a one-year statute of limitations); *Burke v. Anglin*, No. 2:19-CV-2006, 2020 WL 13453596, *3 (S.D. Ohio 2020). Therefore, because defamation and battery

---

[4] It is unclear whether Count 17 alleges a civil conspiracy under state law, federal law, or both. The Complaint claims that Count 17 is for "[c]ivil conspiracy and racketeering under the Ohio Constitution and Bill of Rights, the Nevada Constitution and Bill of Rights, U.S. Constitution, federal statute, state statute, and common law, against all individual defendants." (Doc. #: 1, ¶ 195). To the extent DeCastro is claiming a state civil conspiracy claim, it is barred by the applicable statute of limitations.

are the claims, at least in part, that DeCastro's civil conspiracy claim is based upon, those claims were required to be filed within one year after DeCastro's arrest on March 29, 2022. However, the instant case was filed in the District of Nevada on March 4, 2024, approximately two years after DeCastro's arrest. Accordingly, DeCastro's civil conspiracy claim is barred by the statute of limitations.

### IV. CONCLUSION

For the reasons set forth above, the Lawrence County Defendants respectfully request the Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully Submitted,

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
*Counsel for Lawrence County Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the Lawrence County Defendants' Supplemental Motion to Dismiss was provided via the Court's electronic filing system (CM/ECF) on the 22nd day of January 2026 and mailed, postage prepaid, via USPS to the following:

Jose DeCastro
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
*Counsel for Lawrence County Defendants*