IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION

FILED
RICHARD W. NAGEL

FEB -6 2026 10: 21

U.S. D...

JOSE MARIA DECASTRO,

                 :        Case No. 1:25-cv-00613

   Plaintiff,     :

                 :        Judge Michael R. Barrett
v.               :

                 :        Magistrate Judge
                 :        Stephanie K. Bowman

EVAN MCKNIGHT, et al.,

   Defendants.     :

## PLAINTIFF'S OPPOSITION TO LAWRENCE COUNTY DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS

### INTRODUCTION

The Lawrence County Defendants' Supplemental Motion to Dismiss rests on a fundamental misapplication of res judicata. It attempts to convert a voluntary procedural omission into a merits adjudication and then extend that imagined adjudication to defendants who were never substantively litigated, never subjected to discovery, and never ruled upon.

The Sixth Circuit has already described precisely what occurred in the prior action. Plaintiff "had effectively voluntarily dismissed the County Defendants by omitting them from the amended complaint." *DeCastro v. Wagner*, No. 23-3808, 2024 WL 4494843, at *2 (6th Cir. June 25, 2024). A voluntary dismissal is not a judgment on the merits. It "leaves the situation as if the action had never been filed." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).

Because res judicata requires a prior final judgment on the merits involving the same parties or their privies, Defendants' motion fails at the threshold and must be denied.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor.

Res judicata is an affirmative defense. Dismissal on that basis is appropriate only where the defense is apparent from the face of the complaint and the judicially noticeable record. *Browning v. Levy*, 283 F.3d 761, 771 (6th Cir. 2002).

## ARGUMENT

### I. RES JUDICATA DOES NOT APPLY BECAUSE THERE WAS NO PRIOR FINAL JUDGMENT ON THE MERITS AS TO THE LAWRENCE COUNTY DEFENDANTS

Res judicata requires four elements:

1. A prior final decision on the merits
2. Identity of parties or their privies
3. A subsequent action raising claims that were or could have been litigated
4. Identity of the causes of action

*Browning v. Levy*, 283 F.3d at 771.

The first element is dispositive.

In the prior Southern District of Ohio action, Plaintiff filed a First Amended Complaint that omitted Lawrence County, John Chapman, and Jane Doe. (Case No. 1:22-cv-00204, Doc. #20 at PageID 132). Under settled Sixth Circuit law, an amended complaint supersedes the original complaint and renders it a nullity. Claims omitted from the amended pleading are not adjudicated; they are abandoned procedurally.

The Sixth Circuit expressly recognized this procedural posture, holding that Plaintiff "had effectively voluntarily dismissed the County Defendants by omitting them from the amended complaint." *DeCastro*, 2024 WL 4494843, at *2. The court further concluded: "The County Defendants were correctly dismissed." *Id.* at *4. Notably, the court did not hold that the claims were dismissed on the merits or with prejudice. It simply recognized that they had been dismissed via voluntary omission.

A dismissal without prejudice is not a decision on the merits and carries no res judicata effect. *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001). A voluntary dismissal "leaves the situation as if the action had never been filed." *Cooter & Gell*, 496 U.S. at 396.

Because there was no merits adjudication as to the Lawrence County Defendants, res judicata fails as a matter of law.

**Defendants' theory would expand res judicata beyond its constitutional limits.** What Defendants seek here is claim preclusion without adjudication—a result the doctrine does not permit. Res judicata exists to prevent repetitive litigation after a party has had its day in court, not to extinguish claims that were never tested, never heard, and never decided. Accepting Defendants' position would allow procedural omission to substitute for merits review and would collapse the distinction between dismissal and adjudication. That result is inconsistent with Sixth Circuit precedent and incompatible with due process.

## II. RULE 41(a), NOT RULE 41(b), GOVERNS THE PRIOR DISMISSAL

Defendants rely on Rule 41(b) and *Federated Department Stores v. Moitie*, 452 U.S. 394 (1981), but that reliance is misplaced.

Rule 41(b) governs involuntary dismissals ordered by a court for failure to prosecute or comply with rules or orders. Rule 41(a) governs voluntary dismissals and provides that such dismissals are without prejudice unless otherwise stated.

Here, the Sixth Circuit itself characterized the dismissal as voluntary. *DeCastro*, 2024 WL 4494843, at *2. Rule 41(a), not Rule 41(b), therefore applies.

Defendants' reliance on *Federated Department Stores v. Moitie* is misplaced. That case addressed a Rule 12(b)(6) dismissal for failure to state a claim. Here, there was no Rule 12(b)(6) ruling as to the Lawrence County Defendants—only a voluntary dismissal by omission.

## III. MERITS RULINGS AS TO CITY DEFENDANTS CANNOT BE IMPUTED TO COUNTY DEFENDANTS

The Sixth Circuit's merits analysis was expressly limited to the City Defendants. The court evaluated probable cause, video evidence, and municipal liability solely as to the City of Ironton and its officers. *DeCastro*, 2024 WL 4494843, at *3–6.

No claim against Lawrence County or John Chapman was analyzed, resolved, or adjudicated. Res judicata does not permit the borrowing of merits rulings from one set of defendants to immunize a different set of defendants whose conduct was never addressed.

## IV. THE LAWRENCE COUNTY COMMISSIONERS WERE NOT PARTIES TO THE PRIOR ACTION AND LACK PRIVITY

Even if Defendants could establish a merits adjudication (they cannot), res judicata independently fails for lack of identity of parties.

The original complaint named "Lawrence County, Ohio," not the Lawrence County Commissioners. (Case No. 1:22-cv-00204, Doc. #1 at PageID 1). The Commissioners are distinct legal actors and were never defendants in the prior case.

Res judicata "requires an identity of parties or their privies in the two suits." *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992). Defendants have not established legally sufficient privity between the County entity previously omitted and the Commissioners now sued.

## V. PLAINTIFF NEVER HAD A FULL AND FAIR OPPORTUNITY TO LITIGATE THESE CLAIMS

Res judicata also requires that the party against whom preclusion is asserted had a full and fair opportunity to litigate the claims. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 480–81 (1982).

Plaintiff never had such an opportunity as to the Lawrence County Defendants. No discovery was taken. No evidence was presented. No substantive legal ruling was made. Applying res judicata under these circumstances would violate due process.

## VI. STATUTE OF LIMITATIONS DOES NOT SUPPORT DISMISSAL AT THE PLEADING STAGE

Section 1983 claims in Ohio are subject to a two-year statute of limitations. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). However, accrual is claim-specific and fact-dependent.

Plaintiff alleges post-arrest conduct, coercive booking practices, continued deprivation of property, and later retaliatory acts. These claims plausibly accrued after March 29, 2022 and involve continuing constitutional injuries.

Limitations defenses are rarely resolved at the Rule 12(b)(6) stage unless the bar is clear from the face of the complaint. It is not here.

## CONCLUSION

The Lawrence County Defendants were never dismissed on the merits. The Sixth Circuit said so explicitly. Res judicata cannot be stretched beyond its doctrinal limits to extinguish claims that were never adjudicated and never decided.

For these reasons, Defendants' Supplemental Motion to Dismiss should be denied.


Respectfully submitted,

/s/ Jose Maria DeCastro
JOSE MARIA DECASTRO
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036
Telephone: (310) 963-2445
Email: chille@situationcreator.com

Plaintiff, Pro Se

Case: 1:25-cv-00613-MRB-SKB Doc #: 53 Filed: 02/06/26 Page: 6 of 7 PAGEID #: 79

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of January, 2026, a true and accurate copy of the foregoing Plaintiff's Opposition to Lawrence County Defendants' Supplemental Motion to Dismiss was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record, including:

Dawn Frick, Esq.
Surdyk, Dowd & Turner
8163 Old Yankee St., "C"
Dayton, OH 45458

Lambert Law Office
215 S. 4th Street
Ironton, OH 45638

/s/ Jose Maria DeCastro
JOSE MARIA DECASTRO
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036
Telephone: (310) 963-2445
Email: chille@situationcreator.com

Joseph DeCastro
5350 Wilshire Blvd
PO Box 36143
L.A., CA 90036

Potter Stewart U.S. Courthouse
100 East Fifth Street,
Room 103
Cincinnati, OH 45202

Retail
U.S. POSTAGE PAID
FCM LG ENV
LOS ANGELES, CA 90036
JAN 30, 2026
$7.20
RDC 99

