UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **JOSE DECASTRO,** | : | |
| | : | Case No. 1:25-CV-00613-MRB-SKB |
| PLAINTIFF, | : | |
| | : | JUDGE MICHAEL R. BARRETT |
| v. | : | |
| | : | MAGISTRATE JUDGE STEPHANIE |
| **EVAN MCKNIGHT,** *et al.*, | : | K. BOWMAN |
| | : | |
| DEFENDANTS. | : | |

**LAWRENCE COUNTY DEFENDANTS' REPLY IN SUPPORT OF THE SUPPLEMENTAL MOTION TO DISMISS**

On January 22, 2026, the Lawrence County Defendants filed a Supplemental Motion to Dismiss based on res judicata and the statute of limitations barring the state civil conspiracy claim. (Doc. #: 52). Shortly thereafter, on February 6, 2026, Plaintiff Jose DeCastro (hereinafter, "DeCastro") filed his Opposition to the Supplemental Motion to Dismiss. (Doc. #: 53). For the reasons set forth below, the Lawrence County Defendants respectfully request this Court grant the Supplemental Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

I.   **Res Judicata Is Applicable Because There Was A Prior Final, Valid Decision On The Merits.**

DeCastro claims "[t]he Lawrence County Defendants' Supplemental Motion to Dismiss rests on a fundamental misapplication of res judicata" by attempting "to convert a voluntary procedural omission into a merits adjudication and then extend that imagined adjudication to defendants who were never substantively litigated, never subjected to discovery, and never ruled upon." (Doc. #: 53, PAGEID #: 74). Specifically, DeCastro claims that res judicata is inapplicable because the first element, requiring a prior final, valid decision on the merits, is not met. (Doc. #:

53, PAGEID #: 75). However, DeCastro is merely attempting to utilize an inapplicable loophole and mischaracterize what actually occurred in the previous action.

According to DeCastro, he voluntarily dismissed the Lawrence County Defendants in the previous matter, and, as a result, res judicata is inapplicable. DeCastro claims that in the prior action in this Court, he filed an Amended Complaint that purposely omitted Lawrence County and John Chapman. (Doc. #: 53, PAGEID #: 75). Thus, according to DeCastro, because the Amended Complaint superseded the original, the claims omitted from the Amended Complaint were not adjudicated since they were "abandoned procedurally." (Doc. #: 53, PAGEID #: 75). DeCastro asserts "[b]ecause there was no merits adjudication as to the Lawrence County Defendants, res judicata fails as a matter of law." (Doc. #: 53, PAGEID #: 76). However, DeCastro's filings in the previous action fail to establish he voluntarily dismissed the Lawrence County Defendants.

After this Court granted the Lawrence County Defendants' Motion to Dismiss in the previous case (Case No. 22-cv-00204, Doc. #: 47), DeCastro filed two motions for reconsideration. DeCastro's Second Motion to Reconsider (Case No. 22-cv-00204, Doc. #: 51, PAGEID #: 582) specifically acknowledged that he did not voluntarily dismiss the Lawrence County Defendants. In fact, DeCastro argued that "Lawrence County and other government entities are still named on the [First Amended Complaint] because the individual defendants being named in their official capacity. […] Plaintiff's [First Amended Complaint] included enough facts to establish liability against government employers, including Lawrence County." (Doc. #: 51, PAGEID #: 582). DeCastro, in a later filing, also claimed that the First Amended Complaint, at ¶¶ 11-13, stated factual allegations against the Lawrence County Defendants and set forth the names of the aforesaid Defendants, "in addition to audio and video exhibits that are part of the [First Amended Complaint]." (Doc. #: 53, PAGEID #: 598).

2

Further proof that DeCastro did not "voluntarily dismiss" the Lawrence County Defendants is the fact that he attempted to file a Motion to Vacate Judgment and Leave to File a Second Amended Complaint in the prior action. (Case No. 22-cv-00204, Doc. #: 55, PAGEID #: 612). In the proposed Second Amended Complaint, DeCastro set forth John Chapman and the Lawrence County Commissioners in the caption of the filing and re-asserted his claims against the aforesaid Defendants in the body of the complaint. In DeCastro's Pro Se Appellant Brief, in the Sixth Circuit Court of Appeals, he claimed this Court incorrectly dismissed the Lawrence County Defendants because "[t]he court found that plaintiff amended his complaint to remove the county defendants. This is contrary to the first amended complaint which included the same facts, and named the individual county defendants in the pleading." (Sixth Circuit Court of Appeals Case No. 23-3808, Doc. #: 16, PAGEID #: 692). DeCastro further alleged that "[t]he presence of a defendant in the caption is irrelevant where they are in the factual allegations." (Sixth Circuit Court of Appeals Case No. 23-3808, Doc. #: 16, PAGEID #: 694).

In this Court's Order denying DeCastro's Motions for Reconsideration and Motion to Vacate, it held that DeCastro "repeatedly" failed to "address the omission of claims against the County Defendants from his amended complaint. Not once did DeCastro broach the subject, despite the fact that the County Defendants raised it in their motion to dismiss, (Doc. 21, PageID 150), their reply to DeCastro's response to the motion to dismiss, (Doc. 33, PageID 428), and their response in opposition to DeCastro's motion for protective order, (Doc. 40, PageID 493 n.1)." (Case No. 22-cv-00204, Doc. #: 58, PAGEID #: 682). This establishes that DeCastro simply failed to respond to arguments set forth by the Lawrence County Defendants and waived the arguments that could have been asserted. Waiving an argument is legally distinct from a voluntary dismissal of claims and/or parties. Therefore, because DeCastro failed to respond to the arguments, and did

3

not voluntarily dismiss any claims or parties, res judicata is applicable.

> II. **DeCastro Incorrectly Assumes That He "Dismissed" His Claims Under Rule 41(a); However, Well-Established Caselaw Shows That It Was Impossible For DeCastro To Dismiss The Lawrence County Defendants Pursuant To Fed.R.Civ.P. 41(a).**

DeCastro claims that "Defendants rely on Rule 41(b) and *Federated Department Stores v. Moitie*, 452 U.S. 394 (1981), but that reliance is misplaced." (Doc. #: 53, PAGEID #: 76). According to DeCastro, he did not involuntarily dismiss his claims under Fed.R.Civ.P. 41(b), but voluntarily dismissed his claims pursuant to Fed.R.Civ.P. 41(a).

Pursuant to Fed.R.Civ.P. 41(a), there are two ways to voluntarily dismiss an action: (1) by the plaintiff without a court order (Rule 41(a)(1)) and (2) by court order (Rule 41(a)(2)). In the previous case, there was no court order that dismissed the Lawrence County Defendants per DeCastro's request, and, as a result, Rule 41(a)(2) is inapplicable.

Pursuant to Rule 41(a)(1)(A), which permits a plaintiff to voluntarily dismiss an action without a court order, a plaintiff may dismiss an action by filing either a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment (Rule 41(a)(1)(A)(i)) or a stipulation of dismissal signed by all parties who have appeared (Rule 41(a)(1)(A)(ii)). In the previous action, there was not a stipulation of dismissal signed by all parties who appeared, and DeCastro did not voluntarily dismiss any part of the action by filing a notice of dismissal.

Although DeCastro maintains that he voluntarily dismissed the Lawrence County Defendants pursuant to Fed.R.Civ.P. 41(a), caselaw establishes that DeCastro's claim is meritless. Rule 41(a) does not provide "that a plaintiff may unilaterally dismiss some, but not all, of the defendants or claims in the action." *Espinosa v. First Advantage Background Servs. Corp.*, 343 F.R.D. 414, 415 (S.D. Ohio 2023). The Sixth Circuit held that Rule 41's use of "the word 'action'

4

[…] denotes the entire controversy." *Id*. (quoting *Phillip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)). As a result, district courts in the Sixth Circuit do not permit the use of Rule 41(a) to dismiss some, but not all, of the defendants in a case. *Id*. ("Thus, in the Sixth Circuit, Rule 41(a) is for dismissing the entire controversy, not parts of it.").

In the previous case, there is no dispute that DeCastro did not dismiss, or intend to dismiss, the entire case. Even if this Court accepts DeCastro's allegations as true, Rule 41(a) is inapplicable and he could not have voluntarily dismissed only the Lawrence County Defendants.

Astonishingly, DeCastro claims that *Moitie*, *supra*, is inapplicable because "[t]hat case addressed a Rule 12(b)(6) dismissal for failure to state a claim. Here, there was no Rule 12(b)(6) ruling as to the Lawrence County Defendants – only a voluntarily dismissal by omission." (Doc. #: 53, PAGEID #: 76). However, the August 3, 2023 Order specifically stated that it was granting the Lawrence County Defendants' Motion to Dismiss for failure to state a claim. (Case No. 22-cv-00204; Doc. #: 47). Caselaw clearly establishes that dismissal, pursuant to Fed.R.Civ.P. 12(b)(6), constitutes an adjudication on the merits. *See Cobbs v. Katona*, 8 F. App'x 437, 438 (6th Cir. 2001); *Prop. Mgmt. Connection, LLC v. Consumer Fin. Prot. Bureau*, No. 3:21-CV-00359, 2021 WL 5282075, *4 (M.D. Tenn. 2021). *See also Reed Elsevier, Inc. v. TheLaw.net Corp.*, 269 F.Supp.2d 942, 947 (S.D. Ohio 2003) ("[W]hile a court does not, technically speaking, reach the merits of the underlying dispute when it sustains a Rule 12(b)(6) motion on the basis of such defenses, the decision is 'on the merits,' in that it is dispositive of the claim.").

Therefore, contrary to DeCastro's assertions, Fed.R.Civ.P. 41(a) is inapplicable. Additionally, this Court, in the prior matter, dismissed the Lawrence County Defendants pursuant to a Rule 12(b)(6) motion to dismiss, and, as a result, the prior action was based upon a final, valid decision on the merits. See Fed.R.Civ.P. 41(b) ("Unless the dismissal order states otherwise, a

dismissal […] – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.").

### III. DeCastro Incorrectly Asserts That The City Defendants' "Merits Ruling" Was Imputed To The Lawrence County Defendants.

DeCastro claims "[t]he Sixth Circuit's merits analysis was expressly limited to the City Defendants." (Doc. #: 53, PAGEID #: 76). DeCastro's response in opposition claims that "[n]o claim against Lawrence County or John Chapman was analyzed, resolved, or adjudicated." (Doc. #: 53, PAGEID #: 77). However, because this Court dismissed the Lawrence County Defendants, in the prior action, pursuant to Fed.R.Civ.P. 12(b)(6), it operates as an adjudication on the merits. *See Reed Elsevier, Inc. v. TheLaw.net Corp.*, 269 F.Supp.2d 942, 947 (S.D. Ohio 2003) ("[W]hile a court does not, technically speaking, reach the merits of the underlying dispute when it sustains a Rule 12(b)(6) motion on the basis of such defenses, the decision is 'on the merits,' in that it is dispositive of the claim."); *Johansen v. Banks*, No. 1:09-CV-802, 2010 WL 1839019, *2 (S.D. Ohio 2010) ("An order granting a defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) operates as an adjudication on the merits, and dismissal is with prejudice."). Thus, DeCastro's claims are unfounded.

### IV. It Is Immaterial That DeCastro Did Not Specifically Name The Lawrence County Commissioners In The Prior Action.

In his response in opposition, DeCastro asserts that "[e]ven if Defendants could establish a merits adjudication (they cannot), res judicata independently fails for lack of identity of parties." (Doc. #: 53, PAGEID #: 77). According to DeCastro, because the original Complaint, in the prior action, named "Lawrence County, Ohio," as a defendant and the current case names the "Lawrence County Commissioners" as a defendant, res judicata is inapplicable because "[t]he Commissioners are distinct legal actors and were never defendants in the prior case." (Doc. #: 53, PAGEID #: 77).

As the Lawrence County Defendants explained in their Supplemental Motion to Dismiss,

6

because the Complaint, in the current case, fails to specify in what capacity DeCastro is suing the Lawrence County Commissioners, it is assumed that the Commissioners are only being sued in their official capacities. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (quoting *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991)). "An official-capacity suit generally represents 'only another way of pleading an action against an entity of which an officer is an agent.'" *Pros. Guild of Ohio v. Butler Cnty. Bd. Of Developmental Disabilities*, No. 1:14-CV-161, 2014 WL 6687134, *1 (S.D. Ohio 2014) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Thus, an official capacity claim, brought against an officer or employee of a governmental entity in his or her official capacity, is treated as a claim against the government entity. *Id*. Therefore, is it irrelevant that the prior action named Lawrence County, Ohio as a defendant and the current action names the Lawrence County Commissioners as a defendant. Both actions consist of claims against the governmental entity, and, as a result, res judicata bars the current action.

## V. DeCastro's Prior Action Provided A Full And Fair Opportunity To Litigate His Claims

According to DeCastro, for res judicata to apply the party against whom preclusion is asserted must have had a full and fair opportunity to litigate the claims. (Doc. #: 53, PAGEID #: 77). DeCastro claims that he "never had such an opportunity as to the Lawrence County Defendants." (Doc. #: 53, PAGEID #: 77). However, caselaw within the Sixth Circuit establishes that a plaintiff has a full and fair opportunity to litigate any claims or issues when a court grants the defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Funk-Vaughn v. Rutherford Cnty.*, No. 3:18-CV-01311, 2019 WL 4727642, *1 (M.D. Tenn. 2019).

In *Funk-Vaughn*, the Magistrate Judge's Report and Recommendation, which was adopted and approved, concluded that plaintiff's claims were barred by the doctrines of collateral estoppel

and res judicata. *Id*. The Magistrate Judge explained that plaintiff's complaint that was filed was nearly identical to the complaint that she filed in the prior action. *Id*. As a result, the Court held that plaintiff "had a full and fair opportunity to litigate any claims or issues arising out of those facts" and "the Court reached a final decision on the merits of that case when it granted [the defendant's] motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Id*.

Similarly, the Lawrence County Defendants, in the prior action, were dismissed pursuant to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). (Case No. 22-cv-00204, Doc. #: 47). Pursuant to *Funk-Vaughn*, DeCastro was provided a full and fair opportunity to litigate his claims. Therefore, DeCastro's claims are meritless.

## VI. The Applicable Statute Of Limitations Bars DeCastro's Civil Conspiracy Claim.

As set forth in the Lawrence County Defendants' Supplemental Motion to Dismiss, the applicable statute of limitations for a civil conspiracy claim is the statute of limitations for the underlying cause of action. *See In re National Prescription Opiate Litigation*, No. 1:17-MD-2804, 2019 WL 4194286, *13 (N.D. Ohio 2019). DeCastro claims that his civil conspiracy claim is based on "post-arrest conduct, coercive booking practices, continued deprivation of property, and later retaliatory acts," and, as a result, his "claims plausibly accrued after March 29, 2022 and involve continuing constitutional injuries." (Doc. #: 53, PAGEID #: 77). However, DeCastro's response in opposition fails to specify what actions the Lawrence County Defendants took regarding post-arrest conduct, coercive booking practices, continued deprivation of property, and/or retaliatory acts. In fact, the only claims set forth in the Complaint, involving the Lawrence County Defendants, occurred on the day DeCastro was booked in the Lawrence County Jail, which was March 29, 2022. The Complaint fails to set forth any claims, against the Lawrence County Defendants, regarding post-arrest conduct, continued deprivation of property and/or retaliatory

8

acts. Thus, the statute of limitations, for any claim against the Lawrence County Defendants, began to accrue on March 29, 2022, at the time DeCastro was booked at the Lawrence County Jail. *See Metz v. Unizan Bank*, 649 F.3d 492, 497 (6th Cir. 2011) ("[A] cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed.").

DeCastro urges this Court to deny the Supplemental Motion to Dismiss because "[l]imitations defenses are rarely resolved at the Rule 12(b)(6) stage unless the bar is clear from the fact of the complaint." (Doc. #: 53, PAGEID #: 77). However, it is clear, from the Complaint, that DeCastro's civil conspiracy claim is barred due to the claim being premised upon the alleged defamation and battery by the Lawrence County Defendants. Nonetheless, even if the statute of limitations is inapplicable, caselaw indisputably requires dismissal of the civil conspiracy claim, against Defendants in their official capacities, because it constitutes an intentional tort. *See Stillwagon v. City of Delaware*, 175 F.Supp.3d 874, 907-09 (S.D. Ohio 2016) ("Ohio courts have held that political subdivisions are immune from intention torts such as malicious prosecution, civil conspiracy, and spoliation of evidence."). Thus, the civil conspiracy claim should be dismissed.

### VII. Conclusion

For the reasons set forth above, and in the Lawrence County Defendants' Supplemental Motion to Dismiss, dismissal of all claims against the aforesaid Defendants is warranted. Accordingly, the Lawrence County Defendants respectfully request this Court grant the Motion to Dismiss.

    Respectfully Submitted,

    /s/ Cassaundra L. Sark
    Cassaundra L. Sark (0087766)
    *Counsel for Lawrence County Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the Lawrence County Defendants' Reply in Support of the Supplemental Motion to Dismiss was provided via the Court's electronic filing system (CM/ECF) on the 17th day of February 2026 and mailed, postage prepaid, via USPS to the following:

Jose DeCastro
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036

                                                         /s/ Cassaundra L. Sark
                                                         Cassaundra L. Sark (0087766)
                                                         *Counsel for Lawrence County Defendants*