UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSE DECASTRO,
        Plaintiff,
v.
EVAN MCKNIGHT, et al.,
        Defendants.

Case No. 1:25-CV-00613-MRB-SKB

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO LAWRENCE COUNTY DEFENDANTS'
SUPPLEMENTAL MOTION TO DISMISS**

Plaintiff Jose DeCastro respectfully submits this Sur-Reply to address two arguments raised for the first time in the Lawrence County Defendants' Reply (Doc. #: 54): (1) the newly-raised Stillwagon immunity argument; and (2) the newly-cited Funk-Vaughn authority on "full and fair opportunity" to litigate.

## I. STILLWAGON WAS RAISED FOR THE FIRST TIME IN REPLY AND SHOULD BE DISREGARDED, OR IN THE ALTERNATIVE, IS DISTINGUISHABLE AND DOES NOT BAR PLAINTIFF'S CLAIMS.

Defendants' original Supplemental Motion to Dismiss (Doc. #: 52) contained no argument that Ohio political subdivisions are immune from civil conspiracy claims as intentional torts, and cited no authority for any such proposition. Defendants raised Stillwagon v. City of Delaware for the first time in their Reply (Doc. #: 54, PAGEID #: 89). Arguments raised for the first time in a reply brief are generally waived and need not be considered by this Court. See Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008) ("[W]e have found issues to be waived when they are raised for the first time in motions for reconsideration or appeals, and we see no reason why issues raised for the first time in reply briefs should be treated differently.").

Should the Court nevertheless consider the Stillwagon argument, it does not compel dismissal here. First, Stillwagon addressed immunity for political subdivisions under Ohio Revised Code § 2744, the Political Subdivision Tort Liability Act. However, Plaintiff's claims are brought under 42 U.S.C. § 1983 and federal civil rights law. Ohio statutory immunity does not shield a governmental entity from federal constitutional claims. See Howlett v. Rose, 496 U.S. 356, 375 (1990) (state law immunities cannot operate to defeat federal civil rights claims brought in federal court under § 1983).

Second, to the extent Plaintiff alleges civil conspiracy under state law as an independent pendent claim, the Court should note that Defendants never previously raised immunity as a basis for dismissal of any claim in this case, and introducing it for the first time in a reply leaves Plaintiff without a fair opportunity to develop a full factual and legal record on the immunity question. The appropriate course, if the Court reaches this issue at all, is to allow full briefing.

Third, the Stillwagon immunity doctrine has exceptions. The immunity statute, R.C. § 2744.02(B), contains five exceptions under which political subdivisions may be held liable. Plaintiff should be afforded the opportunity to address which exceptions apply, a question that cannot be resolved at the pleading stage on the present record.

## II. FUNK-VAUGHN IS DISTINGUISHABLE AND DOES NOT ESTABLISH THAT PLAINTIFF HAD A FULL AND FAIR OPPORTUNITY TO LITIGATE HIS CLAIMS AGAINST THE LAWRENCE COUNTY DEFENDANTS.

Defendants cite Funk-Vaughn v. Rutherford County for the proposition that a plaintiff automatically receives a "full and fair opportunity" to litigate when a court grants a Rule 12(b)(6) motion. Funk-Vaughn is distinguishable on its facts in a critical respect.

In Funk-Vaughn, the court found that the plaintiff's second complaint was "nearly identical" to her first complaint — meaning she had substantively litigated the same claims, against the same defendants, and received a full merits ruling on those claims before re-filing. The full-and-fair-opportunity analysis in Funk-Vaughn was predicated on that identity between the two actions.

Here, the situation is fundamentally different. This Court, in the prior action, dismissed the Lawrence County Defendants not on a substantive merits analysis of Plaintiff's claims against them, but because the Court found that Plaintiff's First Amended Complaint failed to adequately name or plead claims against them. That is a pleading sufficiency ruling, not a merits adjudication of the substance of Plaintiff's civil rights claims. Plaintiff never received a ruling on whether the alleged conduct of Lawrence County officials violated his constitutional rights. He was dismissed before any such analysis occurred.

The full-and-fair-opportunity element of res judicata requires a genuine opportunity to litigate, not merely an opportunity to file a complaint. See Kremer v. Chemical Constr. Corp., 456 U.S. 461, 481 (1982) (full and fair opportunity means an opportunity to be "heard" on the merits). Where a plaintiff is dismissed at the threshold on pleading grounds — particularly where, as here, the dismissal turned on a contested question of whether certain defendants were sufficiently named in an amended complaint — res judicata's full-and-fair-opportunity requirement is not satisfied as to the substance of the claims.

Furthermore, the procedural history of this case demonstrates that Plaintiff actively contested the dismissal of the Lawrence County Defendants through motions for reconsideration, a motion to vacate, and a direct appeal to the Sixth Circuit. These efforts underscore that Plaintiff was seeking — and was denied — the opportunity for a genuine merits adjudication. That is the opposite of a party who had a full and fair opportunity to litigate.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny the Lawrence County Defendants' Supplemental Motion to Dismiss. The newly-raised Stillwagon immunity argument was waived by its absence from the original motion and is inapplicable to federal § 1983 claims in any event. Funk-Vaughn is distinguishable because Plaintiff never received a substantive merits ruling on his claims against the Lawrence County Defendants and cannot be said to have had a full and fair opportunity to litigate those claims.

Respectfully submitted,

/s/ Jose DeCastro
Jose DeCastro, Pro Se
5350 Wilshire Blvd., P.O. Box 36143
Los Angeles, CA 90036
chille@situationcreator.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date filed, a true and accurate copy of the foregoing was served via the Court's CM/ECF electronic filing system upon all counsel of record.

/s/ Jose DeCastro
Jose DeCastro, Pro Se