**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOSE DECASTRO, | : | |
| | : | **Case No. 1:25-CV-00613-MRB-SKB** |
| PLAINTIFF, | : | |
| | : | **JUDGE MICHAEL R. BARRETT** |
| v. | : | |
| | : | **MAGISTRATE JUDGE STEPHANIE** |
| EVAN MCKNIGHT, *et al.*, | : | **K. BOWMAN** |
| | : | |
| DEFENDANTS. | : | |

**LAWRENCE COUNTY DEFENDANTS' REPLY TO PLAINTIFF'S SUR-REPLY**

The Lawrence County Defendants filed their Reply in Support of the Supplemental Motion to Dismiss on February 17, 2026. (Doc. #: 54). On February 25, 2026, Plaintiff Jose DeCastro filed a Motion for Leave to file a sur-reply in opposition to the Lawrence County Defendant's Supplemental Motion to Dismiss. (Doc. #: 56). In the motion for leave, DeCastro claimed that leave to file a sur-reply was warranted because Defendants' reply in support raised new arguments or cited new authority not presented in the original motion. (Doc. #: 56, PAGEID #: 93). This Court's Notation Order, on February 25, 2026, granted DeCastro's request to file his sur-reply, which was docketed the same day. (Doc. #: 57). The Notation Order also provided Defendants with the opportunity to reply to DeCastro's sur-reply within five days of its filing.

I. **By Permitting DeCastro To File A Sur-Reply, This Court Can Consider The Immunity Argument Set Forth In Defendants' Reply In Support Of The Supplemental Motion To Dismiss.**

Local Rule 7.2(a)(2) governs the filing of "Opposing and Reply Memoranda." The aforesaid Rule specifically states that "[n]o additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2. However,

"where the moving party submits in a reply brief new reasons and evidence in support of its motion […]," a district court should allow the nonmoving party the opportunity to respond. *Kline v. Mortg. Elec. Sec. Sys.*, No. 3:08CV408, 2015 WL 8207499, *1 (S.D. Ohio 2015) (quoting *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 481-481 (6th Cir. 2003)). Thus, when a moving party submits additional arguments after the filing of the non-movant's response, district courts have the option of either disregarding the additional argument(s) or providing the non-moving party with the opportunity to file a sur-reply. *Int'l-Matex Tank Terminals-Illinois v. Chem. Bank*, No. 1:08-CV-1200, 2009 WL 1651291, *2-3 (W.D. Mich. 2009). Therefore, if a court permits the non-moving party to file a sur-reply, then the new arguments can be taken into consideration when ruling on the pending motion. *See Kline,* at *2 ("The Court also believes that Plaintiff should be allowed to respond to the statute of limitations arguments that [the non-moving parties] raised in their Reply Briefs. Typically, a court will refuse to consider a summary judgment argument that a party raises for the 'first time' in a reply brief. * * * For the following reasons, however, the Court will not refuse to consider this argument. * * * [A]ny surprise to Plaintiff is easily remedied by allowing him leave to file a Sur-Reply addressing Defendants' arguments. This will ensure Plaintiff receives 'a reasonable opportunity to respond' to Defendants' argument, thereby restoring the necessary balance between the parties' briefing and the requirements of Rule 56.").

DeCastro claims that R.C. § 2744.02 is inapplicable because he is not pursuing a state civil conspiracy claim. To the extent DeCastro claims that the Complaint does not set forth a state civil conspiracy claim, immunity under R.C. § 2744.02 is inapplicable. (See DeCastro's Sur-Reply, Doc. #: 57, PAGEID #: 99 – "Plaintiff's claims are brought under 42 U.S.C. § 1983 and federal civil rights law.").

Alternatively, DeCastro asserts that even if he is alleging "civil conspiracy under state law

as an independent pendent claim," he should be permitted to fully brief the issue to develop a full factual and legal record on the immunity question." (Doc. #: 57, PAGEID #: 99). DeCastro further claims that R.C. § 2744.02(B) contains five exceptions that negate a political subdivision's immunity. (Doc. #: 57, PAGEID #: 100). However, caselaw is clear on this issue – there is no exception to immunity regarding intentional tort claims against political subdivisions. *See Wilson v. Stark Cty. Dept. of Hum. Serv.*, 70 Ohio St.3d 450, 452 (1994) ("There are no exceptions to immunity for the intentional torts […]."); *Hubbard v. Canton City Sch. Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 8 (quoting *Wilson*, 70 Ohio St.3d at 452) ("[I]n the context of intentional torts[,] * * * '[t]here are no exceptions to immunity for the intentional torts of fraud and intentional infliction of emotional distress.'"). As a result, DeCastro cannot claim that an exception exists for the intentional torts against Lawrence County. Moreover, DeCastro's sur-reply was the appropriate vehicle for briefing the issue if he believed an exception existed for the Lawrence County Defendants' immunity set forth in R.C. § 2744.02.

In this case, permitting DeCastro to file his sur-reply addressing the immunity, pursuant to R.C. § 2744.02, restores the "necessary balance" by permitting DeCastro to state his opposition. Thus, this Court, because it permitted DeCastro to file his sur-reply, can consider Defendants' argument regarding immunity for the state civil conspiracy claim, if one exists.

## II. The Introduction Of New Caselaw Is Not A Sufficient Basis For DeCastro's Sur-reply, And Defendants Maintain DeCastro's Complaint Is Barred By Res Judicata.

The Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies. *Key v. Shelby Cnty.*, 551 F.App'x 262, 265 (6th Cir. 2014). Sur-replies are generally "highly disfavored" because they are often viewed by the court as "a strategic effort by the nonmoving party to have the last word on a matter." *Foxhire, LLC v. Kismet CDR, LLC*, No. 5:24-CV-01315, 2025 WL 2780616, *1 (N.D. Ohio 2025) (quoting *Liberty Legal Found. v. Nat'l Democratic Party*

3

*of the USA, Inc.*, 875 F.Supp.2d 791, 797 (W.D. Tenn. 2012) (internal quotations and citations omitted)). Nonetheless, a court may grant a party to file a sur-reply when the moving party raises a new argument or presents new evidence for the first time in a reply brief. *See Mellian v. Hartford Life & Acc. Ins. Co.*, No. 14-10867, 2014 WL 7366104, *1 n.1 (E.D. Mich. 2014) (citing *Mirando v. U.S. Dept. of Treasury*, 766 F.3d 540, 548-49 (6th Cir. 2014) ("[A] sur-reply is appropriate only where the [other] arty raises new arguments or presents new evidence for the first time in a reply brief, such that the party seeking leave to file the sur-reply has no opportunity to address the arguments or evidence in its prior submissions.")). However, "a party's desire to point out mischaracterizations or misrepresentations of caselaw, even if helpful, does not provide grounds for the filing of sur-replies." *Golden Eagle Res. II, LLC v. Rice Drilling D, LLC*, No. 2:22-CV-02374, 2023 WL 1927799, *3 (S.D. Ohio 2023).

In DeCastro's sur-reply, he claims that a case cited in the Lawrence County Defendants' Reply in Support, *Funk-Vaughn v. Rutherford Cnty.*, No. 3:18-CV-01311, 2019 WL 4727642, *1 (M.D. Tenn. 2019), "is distinguishable on its facts in a critical aspect." (Doc. #: 57, PAGEID #: 100). DeCastro further asserts that *Funk-Vaughn* "is distinguishable because Plaintiff never received a substantive merits ruling on his claims against the Lawrence County Defendants and cannot be said to have had a full and fair opportunity to litigate those claims." (Doc. #: 57, PAGEID #: 101). However, DeCastro's belief that *Funk-Vaughn* is misrepresented in Defendants' reply does not merit a sur-reply.

DeCastro additionally asserts that *Funk-Vaughn* is distinguishable from the case before this Court because in *Funk-Vaughn* "the court found that the plaintiff's second complaint was 'nearly identical' to her first complaint – meaning she had substantively litigated the same claims, against the same defendants, and received a full merits ruling on those claims before refiling." (Doc. #:

4

57, PAGEID #: 100). According to DeCastro, the situation in this case is "fundamentally different" because in the prior action, the Lawrence County Defendants were dismissed due to the First Amended Complaint failing to adequately name or plead claims against them. (Doc. #: 57, PAGEID #: 100). Thus, DeCastro avers that the dismissal of the Lawrence County Defendants, in the prior action, was not premised "on a substantive merits analysis of Plaintiff's claims against them." (Doc. #: 57, PAGEID #: 100). However, DeCastro's arguments demonstrate that he misunderstands the procedural history of *Funk-Vaughn.*

In the abovementioned case, the Magistrate's Report and Recommendation, when providing the procedural history of the case, stated the following:

> Pro se Plaintiff Catherin Funk-Vaughn previously sued the Tennessee Department of Children's Services under 42 U.S.C. § 1983, alleging violations arising out of state criminal and child-custody proceedings in which she pleaded guilty to child abuse and her parental rights to her minor children were terminated. *See Funk-Vaughn v. Tenn. Dept. of Children's Servs.,* No. 3:18-cv-1286, 2019 WL 1053649 (M.D. Tenn. 2019) (recommending dismissal for failure to state a claim), *report and recommendation adopted* by 2019 WL 1040871 (M.D. Tenn. 2019). That action was dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Funk-Vaughn*, 2009 WL 1040871, \*1 (adopting magistrate judge's report and recommendation). In this action, Funk-Vaughn has refiled verbatim her complaint from the earlier action with one change – instead of the Tennessee Department of Children's Services, she now names Rutherford County, Tennessee; Murfreesboro, Tennessee; and the Murfreesboro Police Department (the MPD) as defendants. (Doc. Nos. 1, 1-2). These defendants have filed motion to dismiss Funk-Vaughn's complaint. (Doc. Nos. 24, 58). For the reasons that follow, the Magistrate Judge will recommend that the Court grant the defendants' motion to dismiss and dismiss Funk-Vaughn's complaint in its entirety.
>
> \*\*\*
>
> Funk-Vaughn's complaint is based on facts identical to those in her prior action. Funk-Vaughn had a full and fair opportunity to litigate any claims or issues arising out of those facts in the prior action, and the Court reached a final decision on the merits of that case when it

5

> granted motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (holding that "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'"). Funk-Vaughn's claims in this action are precluded.

*Funk-Vaughn v. Rutherford Cnty., Tennessee*, No. 3:18-CV-01311, 2019 WL 6458421, *1-2 (M.D. Tenn. 2019), <u>report and recommendation adopted</u>, No. 3:18-CV-01311, 2019 WL 4727642 (M.D. Tenn. 2019) (footnote omitted). As evidenced by the procedural history, the original complaint was dismissed pursuant to a motion to dismiss The subsequent complaint, filed by the pro se plaintiff, was also dismissed pursuant to a motion to dismiss. Therefore, DeCastro's allegation that the prior case's dismissal negates the "full and fair opportunity element" is meritless.

## III.  <u>Conclusion</u>

For the reasons set forth above, and in Defendants' Supplemental Motion to Dismiss (Doc. #: 52) and Reply in Support of the Supplemental Motion to Dismiss (Doc. #: 54), the Lawrence County Defendants respectfully request this Court dismiss DeCastro's Complaint for failing to state a claim upon which relief can be granted.

Respectfully Submitted,

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
Lambert Law Office
P.O. Box 725
Ironton, OH 45638
(740) 532-4333
(740) 532-7341 – Fax
*Counsel for Lawrence County Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Lawrence County Defendants' Reply in Support of the Supplemental Motion to Dismiss was provided via the Court's electronic filing system (CM/ECF) on the 2nd day of March 2026 and mailed, postage prepaid, via USPS to the following:

Jose DeCastro
5350 Wilshire Blvd.
P.O. Box 36143
Los Angeles, CA 90036

/s/ Cassaundra L. Sark
Cassaundra L. Sark (0087766)
*Counsel for Lawrence County Defendants*